**BRILL & MEISEL**
Mark N. Axinn (MA-4958)
845 Third Ave., 16th Floor
New York, New York 10022
(212) 753-5599
*Attorneys for Defendants Jerry Jacobs, Alan Rosen
and 358 Broadway LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ASHLEY GRANATA and AUTUMN DEVA
GINSBURG,

                  Plaintiffs,

    v.

JERRY JACOBS, ALAN ROSEN,
358 BROADWAY LLC, and
358 BROADWAY REALTY, LLC,

                  Defendants.

Case No. 07 CV 5830 (CM)
(electronically filed)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

---------------------------------------------------------------------X

Defendants Jerry Jacobs ("Jacobs"), Alan Rosen ("Rosen") and 358 Broadway LLC ("358 Broadway," together "defendants") by their attorneys, Brill & Meisel, as and for their Answer to the Complaint ("Complaint"), state as follows:

    1.    Assert that the allegations contained in paragraph 1 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, deny that any sexual harassment, retaliation, or intentional infliction of emotional distress occurred.

### ANSWER TO ALLEGATIONS RE: JURISDICTION AND VENUE

    2.    Assert that the allegations contained in paragraph 2 of the Complaint state a conclusion of law to which no response is required.

    3.    Assert that the allegations contained in paragraph 3 of the Complaint state a conclusion of law to which no response is required, except admit that Jacobs and Rosen reside

in New York and that 358 Broadway's principal place of business is in New York and deny that any harassment or retaliation occurred.

### ANSWER TO ALLEGATIONS RE: PARTIES

4.Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 4 of the Complaint except admit that Ms. Granata resides in New York, New York.  Admit allegations contained in the second sentence of paragraph 4 of the Complaint except deny that Ms. Granata paid four months' rent in advance.

5.Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 5 of the Complaint except admit that Ms. Ginsburg currently resides in New York, New York.  Admit the allegations contained in the second sentence of paragraph 5 of the Complaint.

6.Deny the allegations contained in the first sentence of paragraph 6 of the Complaint except admit and aver that 358 Broadway's mailing address is 7 Penn Plaza, Suite 222, New York, New York.  Deny the allegations contained in the second sentence of paragraph 6 of the Complaint, except admit that 358 Broadway was one of the fee owners of the Property until June 12, 2007.

7.Admit the allegations contained in paragraph 7 of the Complaint.

8.Admit the allegations contained in paragraph 8 of the Complaint.

9.Deny the allegations contained in the first sentence of paragraph 9 of the Complaint.  Admit the remaining allegations contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint, except deny having knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiffs were deprived of hot water.

**ANSWER TO ALLEGATIONS RE: BACKGROUND AND FACTS**

11. Assert that the allegations in the first sentence of paragraph 11 of the Complaint state a conclusion of law to which no response is required. The Answer in the matter entitled *Jennifer Dunlap and Kathryn Smith v. Jerry Jacobs and 358 Broadway, LLC*, United States District Court, Southern District of New York, Docket No. 06-CV-6160 ("Dunlap lawsuit") is annexed hereto as Exhibit 1 and that the admissions and denials to the Complaint in the Dunlap lawsuit contained therein are fully incorporated herein by reference as if fully set forth herein.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit the allegations in subsection (a) of that paragraph and aver that of the three non-rent stabilized residential apartment units at 358 Broadway, New York, New York ("Building"), only one such apartment is rented out pursuant to the terms of a written lease.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Admit the allegations contained in paragraph 15 of the Complaint.

16. Admit the allegations contained in the first sentence of paragraph 16 of the Complaint. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except admit and aver that the Dunlap lawsuit went to mediation on April 17, 2007.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in the first sentence of paragraph 19 of the Complaint, except admit that defendant Rosen called plaintiffs in early May, 2007 to advise them that the Building was in the process of being sold and that, pursuant to the terms of the Contract of Sale thereof, plaintiffs would need to vacate the premises prior to the closing date. Admit the allegations contained in the second sentence of paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiffs' fears.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in the first sentence of paragraph 23 of the Complaint, except admit that defendant Rosen confirmed that the closing date of the sale of the Building was imminent. Admit the allegations contained in the second sentence of paragraph 23 of the Compliant.

24. Admit the allegations contained in paragraph 24 of the Complaint, except deny that 358 Broadway is an LLP and respectfully refer the Court to the written proposals, copies of which are annexed collectively hereto as Exhibit 2, for proof of the terms thereof.

25.     Admit the allegations contained in the first sentence of paragraph 25 of the Complaint.  Deny the allegations contained in the second sentence and the following sentence fragment of paragraph 25 of the Complaint, except admit that Granata took possession of the Apartment 3A (the "Apartment") at the Building on or about July 1, 2005.  Deny the allegations contained in the third sentence of paragraph 25 of the Complaint.  Admit the allegations contained in the fourth and fifth sentences and the sixth sentence fragment in paragraph 25 of the Complaint.  Deny the allegations contained in the last sentence of paragraph 25 of the Complaint.

26.     Deny the allegations contained in the first sentence of paragraph 26 of the Complaint, except admit that defendant Jacobs did not provide any written confirmation of lease.  Deny the allegations contained in the second sentence of paragraph 26 of the Complaint, except admit that defendants are now seeking to remove the plaintiffs from the Apartment. Deny the allegations contained in the third sentence of paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

**ANSWER TO ALLEGATIONS RE: COUNT I OF THE COMPLAINT**

28.     Repeat, reallege and incorporate in full each and every admission and denial contained in paragraphs 1 through 27 of this Answer as though fully set forth at length herein.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 34 of the Complaint.

**ANSWER TO ALLEGATIONS RE: COUNT II OF THE COMPLAINT**

36. Repeat, reallege and incorporate in full each and every admission and denial contained in paragraphs 1 through 27 of this Answer as though fully set forth at length herein.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

**ANSWER TO ALLEGATIONS RE: COUNT III OF THE COMPLAINT**

45. Deny the allegations contained in paragraph 45 of the Complaint.

**ANSWER TO ALLEGATIONS RE: COUNT IV OF THE COMPLAINT**

46.     Deny the allegations contained in paragraph 46 of the Complaint, except admit those allegations contained in the fourth and fifth sentences of paragraph 46 of the Compliant.

**ANSWER TO ALLEGATIONS RE: PRAYER AND RELIEF IN THE COMPLAINT**

47.     Deny Plaintiffs' entitlement to any of the relief sought herein.

**FIRST AFFIRMATIVE DEFENSE**

48.     Plaintiffs fail to state claims, in whole or in part, upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

49.     The alleged contracts plaintiffs seek to enforce, if they had existed, would violate the New York Statute of Frauds.

**THIRD AFFIRMATIVE DEFENSE**

50.     In accordance with the New York Real Property Law, plaintiffs resided at the subject premises pursuant to month-to-month, not year-to-year tenancies as erroneously alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

51.     Plaintiffs' month-to-month tenancies were terminated on the basis of good faith, legitimate business judgment in accordance with the rights of the parties thereto.

**FIFTH AFFIRMATIVE DEFENSE**

52.     Plaintiffs' month-to-month tenancies were not terminated based on plaintiffs' sex; other tenants, male and female alike, have agreed to vacate rented apartments prior to and following the sale of the Building.

### SIXTH AFFIRMATIVE DEFENSE

53.     The hot water control valve for the Apartment is within the Apartment at the Building where plaintiffs reside and is subject to their control.

### SEVENTH AFFIRMATIVE DEFENSE

54.     Plaintiffs are precluded from any recovery because they suffered no adverse action.

### EIGHTH AFFIRMATIVE DEFENSE

55.     Plaintiffs are precluded from any recovery because they suffered no damages or, if they did suffer damages, because they failed to mitigate them.

### NINTH AFFIRMATIVE DEFENSE

56.     Even if plaintiffs' allegations were proven true, defendants' alleged actions would not support a finding of hostile housing environment or sexual harassment as such alleged actions were not severe and pervasive and did not unreasonably interfere with plaintiffs' use and enjoyment of the Apartment.

### FACTUAL ALLEGATIONS PERTAINING TO
### DEFENDANTS' COUNTERCLAIMS

57.     Defendant Jerry Jacobs is a resident of the City, County and State of New York and is a member and manager of 358 Broadway.

58.     Defendant Alan Rosen is a resident of the State of New York and is a member of 358 Broadway.

59.     Defendant 358 Broadway is a limited liability company organized under the laws of the State of New York. 358 Broadway was one of the former owners of a Building located at 358 Broadway a/k/a 59 Franklin Street, New York, New York ("Building").

60. At all relevant times herein, the Building has been a mixed-use premises, comprised of various commercial units, and rent-stabilized residential apartments and non-rent-stabilized or fair market residential units, one of which is apartment 3A, ("Apartment") where plaintiffs reside.

61. On or around March, 2005 defendants 358 Broadway, Rosen and Jacobs began negotiations for the sale of the Building to defendant 358 Broadway Realty, LLC ("Realty").

62. On April 4, 2005, defendants 358 Broadway and Realty executed a written Contract of Sale ("Contract") of the Building, which provided, *inter alia*, that 358 Broadway agreed not to renew nor enter into any written leases for any portions of the Building between such date and the closing of the sale of the Building ("Closing Date"). The Contract provided for a Closing Date of on or before April 30, 2007.

63. Notwithstanding any provision to the contrary in the Contract, representatives of defendant Realty advised defendants Jacobs and Rosen that they could enter into month-to-month tenancies with individual tenants so long as these tenancies would terminate on or before the Closing Date.

64. Plaintiffs' occupation of the Apartment has always been pursuant to oral month-to-month tenancies and was never pursuant to any written or implied tenancy for any other term.

65. Under New York law, a lease for a term of over one year must be in writing. Significantly, no such written lease for either plaintiff is extant. Moreover, even if plaintiffs had occupied the Apartment pursuant to written or oral leases for a term of one year as alleged in the Complaint, pursuant to New York State Real Property Law 232-c, after the expiration thereof plaintiffs' continued residence in the Apartment and 358 Broadway's continued receipt of rent

payments would have created implied month-to-month leases beginning July 1, 2006 and December 1, 2006, not any year-to-year leases.

66.     On or around August 14, 2006, a former tenant in the Apartment, Kathryn Smith and an applicant to rent the apartment, Jennifer Dunlap, commenced an action entitled *Jennifer Dunlap and Kathryn Smith v. Jerry Jacobs and 358 Broadway, LLC*, United States District Court, Southern District of New York, Docket No. 06-CV-6160 ("Dunlap lawsuit") against defendants Jacobs and 358 Broadway alleging that defendant Jacobs sexually harassed them. The allegations in the Dunlap lawsuit did not include any factual allegations pertaining to the alleged discriminatory behavior against plaintiffs herein that is claimed to have taken place in December 2005, as is alleged in the current Complaint. Plaintiffs were neither parties to, nor mentioned in the Complaint in the Dunlap lawsuit.

67.     On April 17, 2007, the parties to the Dunlap lawsuit tentatively agreed to settle that case.

68.     On or about May 4, 2007, when the Closing Date was imminent, defendant Rosen contacted plaintiffs by telephone to provide them with advance notice of the Building's sale and that their landlord, 358 Broadway, would terminate plaintiffs' month-to-month leases at the end of the month. Mr. Rosen also indicated that he would attempt to obtain a brief extension of time for plaintiffs to vacate the Apartment should they so desire.

69.     On or about such date, defendant Rosen also advised another residential tenant also residing in a non-rent stabilized apartment with a month-to-month tenancy at the Building that 358 Broadway would terminate his tenancy at the end of May 2007 as well.

70.     On May 31, 2007, defendant 358 Broadway served each plaintiff with a written notice advising her of the termination of her month-to-month tenancy and indicating each

plaintiff's legal obligation to vacate the Apartment no later than June 30, 2007. [Copies of such notices are annexed hereto collectively as Exhibit 3.]

71.     During May, 2007, plaintiffs' counsel, specifically George J. Vogrin, Esq. of Querrey & Harrow, LTD. ("Vogrin"), contacted Mark N. Axinn, Esq. of Brill & Meisel ("Axinn"), counsel for Jacobs, Rosen and 358 Broadway, to negotiate an extension of time for plaintiffs to remain in the Apartment after their tenancies' termination on June 30, 2007 and reimbursement of various relocation expenses. Mr. Vogrin and Mr. Axinn exchanged a number of telephone and email communications over a period of approximately two weeks.

72.     At no time during such negotiations, nor during any communication prior to the filing of the Complaint in this action on June 20, 2007, did Vogrin complain that either plaintiff suffered sexual harassment, unequal treatment due to her sex, retaliation, or emotional distress based on the actions of any of the defendants.

73.     On June 12, 2007, the closing was held and defendants 358 Broadway and Realty completed the sale of the Building. As part of the sale, defendants 358 Broadway and Realty entered into a written escrow agreement ("Escrow Agreement"), a copy of which is annexed hereto as Exhibit 4, whereby 358 Broadway promised to use its best efforts to obtain vacant possession of the Apartment at the earliest possible date and not to permit any other person or persons to occupy the Apartment. Toward this end, 358 Broadway agreed to place $200,000 in escrow ("Escrow Sum") to be delivered to defendant Realty in the event that the Apartment has not been vacated and vacant possession thereof delivered to defendant Realty on or before February 1, 2008.

74.     Also on June 12, 2007, defendant 358 Broadway executed multiple copies of a notice to tenants of the Building advising them of the Building's sale ("Notice of Sale"), and delivered them to an attorney for Realty for distribution to all tenants in the Building. [A copy of the Notice of Sale is annexed hereto as Exhibit 5.]

75. Plaintiffs and Vogrin are and were aware of the sale of the Building. On or about June 14, 2007, Axinn advised Vogrin of the existence of the Escrow Agreement between defendants 358 Broadway and Realty directing and authorizing 358 Broadway to commence proceedings against plaintiffs to vacate the Apartment and forwarded him a copy of the Notice of Sale for his records.

76. Plaintiffs and Vogrin are and were or should have been aware, at all relevant times, of the New York Real Property Law as well as cognizant of its rules regarding month-to-month tenancies.

77. Nevertheless, on June 22, 2007, eight days before their month-to-month tenancies would expire in accordance with the New York State Real Property Law, plaintiffs filed the Complaint herein containing novel and baseless allegations that Jacobs had sexually harassed them and that he, Rosen, and 358 Broadway were evicting them (and thus inflicting emotional distress) because plaintiffs had assisted in the Dunlap lawsuit.

78. Plaintiffs have held over possession of the Apartment since the time their tenancies expired on June 30, 2007 in violation of New York law.

79. Neither defendants Jacobs nor Rosen nor 358 Broadway nor their counsel are aware of any prior complaints of sexual harassment, unequal treatment due to sex, or infliction of emotional distress by either plaintiff in this action, save for the allegations in the Complaint.

80. Plaintiffs commenced the present litigation and filed the Complaint herein, which was drafted and signed by Vogrin, with the knowledge that they were facing eviction because the Building had been sold, and not because of their sex or because of any retaliatory animus on any defendant's part.

81. Plaintiffs commenced the present litigation and filed the Complaint herein, which was drafted and signed by Vogrin, with the knowledge that they would lose in the event that eviction proceedings were commenced against them in the Civil Court of the City of New York.

82. Plaintiffs commenced the present litigation and filed the Complaint herein, which was drafted and signed by Vogrin, and upon information and belief, at the advice and at the direction of Vogrin, in order to delay the process of their evictions and to obtain more favorable holdover terms, and upon information and belief, to negotiate the payment of relocation fees to each of them in excess of those previously offered.

### AS AND FOR A FIRST COUNTERCLAIM BY DEFENDANTS JACOBS ROSEN AND 358 BROADWAY FOR ABUSE OF PROCESS

83. Defendants repeat and reallege each and every allegation contained in paragraphs 57 through 82 hereof with the same force and effect as if fully set forth herein.

84. Plaintiffs commenced the present action in order to compel forbearance of their evictions from the Apartment.

85. Plaintiffs have commenced the present action with intent to do harm to defendants Jacobs, Rosen and 358 Broadway without excuse or justification.

86. Plaintiffs have commenced the present action in order to obtain a collateral objective that is outside the legitimate ends of the process.

87. In doing do, plaintiffs have committed an abuse of process and have violated Rule 11 of the Federal Rules of Civil Procedure, which grants Federal courts discretion to sanction attorneys, law firms, and parties that have signed, filed, submitted or later advocated pleadings that are: (1) presented for an improper purpose, such as to harass or to cause

unnecessary delay or needless increase in the cost of litigation; (2) not warranted by existing law or by a non frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and/or (3) without evidentiary support or, if specifically so identified, are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

88.     As a result of plaintiffs' filing of the Complaint, which is not warranted by existing law and without evidentiary support, which was filed for an improper purpose, namely to abuse the process of the Federal courts, to harass defendants and to delay plaintiffs' eventual eviction from the Apartment, defendants have suffered embarrassment and damage to their professional and personal reputations. As a further result of plaintiffs' filing of the Complaint, defendants also have been forced to hire counsel to defend the present lawsuit.

89.     By reason thereof, defendants Jacobs, Rosen and 358 Broadway have been damaged in an amount yet to be determined, but in no event less than One Million ($1,000,000) Dollars.

**AS AND FOR A SECOND COUNTERCLAIM BY DEFENDANT 358 BROADWAY
FOR TORTIOUS INTERFERANCE WITH CONTRACTUAL RELATIONS**

90.     Defendants repeat and reallege each and every allegation contained in paragraphs 57 through 82 and 84 through 89 hereof with the same force and effect as if fully set forth herein.

91.     The Escrow Agreement constitutes a valid contract between defendants 358 Broadway and Realty.

92.     Plaintiffs and Vogrin are or should be aware of the Escrow Agreement.

93.     Plaintiffs have intentionally and without justification refused to quit the Apartment and instead filed the instant frivolous Complaint with the intention to unlawfully delay their eviction and to cause defendant 358 Broadway to breach the Escrow Agreement and to forfeit the Escrow Sum.

94.     By reason thereof, defendant 358 Broadway has been damaged in an amount yet to be determined, but in no event less than Two Hundred Thousand ($200,000) Dollars.

**AS AND FOR A THIRD COUNTERCLAIM BY DEFENDANT 358 BROADWAY
FOR TORTIOUS INTERFERANCE WITH BUSINESS RELATIONS**

95.     Defendants repeat and reallege each and every allegation contained in paragraphs 57 through 82, 84 through 89, and 91 through 94 hereof with the same force and effect as if fully set forth herein.

96.     358 Broadway had a business relationship with Realty.

97.     Plaintiffs and Vogrin were aware of the business relationship between 358 Broadway and Realty and knowingly interfered with it.

98.     Plaintiffs have intentionally and without justification refused to quit the Apartment and instead filed the instant frivolous Complaint with the intention to unlawfully delay their eviction and damage 358 Broadway's relationship with Realty.

99.     By reason thereof, defendant 358 Broadway has been damaged in an amount yet to be determined, but in no event less than Two Hundred Thousand ($200,000) Dollars.

15

## AS AND FOR A FOURTH COUNTERCLAIM BY
## <u>DEFENDANTS JACOBS AND ROSEN FOR LIBEL</u>

100. Defendants repeat and reallege each and every allegation contained in paragraphs 57 through 82, 84 though 89, 91 through 94 and 96 through 99 hereof with the same force and effect as if fully set forth herein.

101. The allegations in the Complaint regarding plaintiffs' alleged sexual harassment, unequal treatment due to their sex, and retaliation constitute false and defamatory statements.

102. These false and defamatory statements were intentionally published to third parties with the filing of the Complaint in this action.

103. As a result of the plaintiffs' publication of the knowingly false statements in the Complaint, defendants have suffered embarrassment, and damage to their professional and personal reputations. As a result of the plaintiffs' filing of the Complaint, defendants have also been forced to hire counsel to defend the present lawsuit and will likely break the Escrow Agreement.

104. By reason thereof, defendants Jacobs and Rosen have been damaged in an amount yet to be determined, but in no event less than One Million ($1,000,000) Dollars.

**WHEREFOR**E, defendants Jerry Jacobs, Alan Rosen and 358 Broadway LLC, respectfully request this Court to grant them the following relief:

(1) Judgment dismissing the Complaint against each of them in all respects;

(2) On the First Counterclaim, damages and sanctions against each of the plaintiffs and their attorneys, jointly and severally, in the amount of One Million ($1,000,000) Dollars, the exact amount to be determined at trial;

(3)   On the Second Counterclaim, damages and sanctions against each of the plaintiffs and their attorneys, jointly or severally, in the amount of Two Hundred Thousand ($200,000) Dollars, the exact amount to be determined at trial;

(4)   On the Third Counterclaim, damages and sanctions against each of the plaintiffs and their attorneys, jointly or severally, in the amount of Two Hundred Thousand ($200,000) Dollars, the exact amount to be determined at trial;

(5)   On the Fourth Counterclaim, damages and sanctions against each of the plaintiffs, jointly and severally, in the amount of One Million ($1,000,000) Dollars, the exact amount to be determined at trial; and

(6)   Such other, further and additional relief as to this Court may seem just and proper.

Dated:  New York, New York
        July 10, 2007

                                        BRILL & MEISEL
                                        *Attorneys for Defendants Jerry Jacobs,*
                                        *Alan Rosen and 358 Broadway LLC*

                                        By:_/S_____
                                             Mark N. Axinn (MA-4958)
                                        845 Third Avenue, 16th Floor
                                        New York, New York 10022
                                        (212) 753-5599

To:   QUERREY & HARROW, LTD
      *Attorneys for Plaintiffs*
      120 Broadway, Suite 955
      New York, New York 10271

      SILBERBERG & KIRSCHNER, LLP
      *Attorneys for Defendant 358 Broadway Realty LLC*
      600 Third Ave., 25th Floor
      New York, New York 10016

G:\358BWAY\2nd Discrim Lit\answer_in_word.doc

17