**BRILL & MEISEL**
Rosalind Fink (RF- 2492)
845 Third Ave., 16th Floor
New York, New York 10022
(212) 753-5599
*Attorneys for Defendant 358 Broadway LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
JENNIFER DUNLAP and KATHRYN SMITH,  :
                                    :
                Plaintiffs,         :   Case No. 06 CV 6160 (RCC)
                                    :   (electronically filed)
         v.                         :
                                    :   **ANSWER**
JERRY JACOBS and 358 BROADWAY, LLC, :
                                    :
                Defendants.         :
_____x

Defendant 358 Broadway LLC ("358 Broadway" or "Defendant") by its attorneys, Brill & Meisel, as and for its Answer to Plaintiffs' Complaint ("Complaint"), states as follows:

1. Asserts that the allegations in paragraph 1 of the Complaint state a conclusion of law to which no response is required. To the extent a response is required, denies that any sexual harassment occurred.

### ANSWER TO ALLEGATIONS RE: JURISDICTION AND VENUE

2. Asserts that the allegations in paragraph 2 of the Complaint state a conclusion of law to which no response is required.

3. Asserts that the allegations in paragraph 3 of the Complaint state a conclusion of law to which no response is required, except admits that Defendant's principal place of business is in New York. Denies having knowledge or information sufficient to form a belief as to the truth of the location of Plaintiffs' residence and denies that any harassment occurred.

### ANSWER TO ALLEGATIONS RE: PARTIES

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint except admits that Mr. Jacobs met with Ms. Dunlap.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph 5 of the Complaint except admits that Ms. Smith, along with two other individuals, rented an apartment at the property.

6. Denies the allegations in the first sentence of paragraph 6 of the Complaint, except admits that Defendant's mailing address is 7 Penn Plaza, Suite 222, New York, New York. Admits the allegations in the second sentence of paragraph 6 of the Complaint. Denies the allegations in the third sentence of paragraph 6 of the Complaint. Admits the allegations in the fourth sentence of paragraph 6 of the Complaint.

7. Denies the allegations in the first sentence of paragraph 7 of the Complaint. Denies the allegations in the second sentence of paragraph 7 of the Complaint, except admits that Mr. Jacobs maintains offices on the second floor of the

Property and at 40 W. 37th Street, Suite 803, in New York (the "Midtown Office").

Admits the allegations in the last sentence of paragraph 7 of the Complaint.

### ANSWER TO ALLEGATIONS RE: BACKGROUND

8. Denies the allegations in paragraph 8 of the Complaint and respectfully refers the Court to that document for its terms.

9. Denies the allegations in the first sentence of paragraph 9 of the Complaint except admits Ms. Smith advised Mr. Jacobs she was moving out at the expiration of her lease. Admits the second sentence in paragraph 9 of the Complaint except denies having knowledge or information sufficient to form a belief as to the exact date of the walk-through.

10. Denies the allegations in paragraph 10 of the Complaint.

11. Denies the allegations in paragraph 11 of the Complaint, except admits that Mr. Jacobs gave Ms. Smith permission to remain in the apartment for another month for which she paid her regular rent.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15.	Denies the allegations in paragraph 15 of the Complaint.

16.	Denies the allegations in paragraph 16 of the Complaint.

17.	Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint except admits that Ms. Smith stayed in the apartment one more month.

18.	Denies the allegations in paragraph 18 of the Complaint.

19.	Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.	Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20 of the Complaint. Denies the remaining allegations in paragraph 20 of the Complaint.

21.	Admits the allegations in the first sentence of paragraph 21 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegation that the meeting took place on March 20, 2006. Denies the allegations in the second sentence of paragraph 21 of the Complaint, except admits that Ms. Dunlap offered to provide Mr. Jacobs with documentation of her income. Admits the allegations in the third sentence of paragraph 21 of the Complaint.

22.	Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint, except admits that Ms. Dunlap called Mr. Jacobs and denies having knowledge or information sufficient to form a belief as to the truth of the allegation that such call took place during the first week of April.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint, except admits that Mr. Jacobs met with Ms. Dunlap at the Midtown Office and denies having knowledge or information sufficient to form a belief as to the truth of the allegation that the meeting took place on April 18, 2006 at 1:00 p.m.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in the first four sentences of paragraph 30 of the Complaint, except admits that Ms. Dunlap and Mr. Jacobs spoke on the telephone following their first meeting. Denies having knowledge or information sufficient to form

a belief as to the truth of the allegations in the fifth sentence of paragraph 30 of the Complaint.

31.   Denies the allegations in the first sentence of paragraph 31 of the Complaint, except admits that Ms. Dunlap met with Mr. Jacobs at the Midtown office and denies having knowledge or information sufficient to form a belief as to the truth of the allegation that the meeting took place on April 26, 2006.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 31 of the Complaint.

32.   Denies the allegations in paragraph 32 of the Complaint.

33.   Denies the allegations in paragraph 33 of the Complaint.

34.   Denies the allegations in paragraph 34 of the Complaint except admits that Ms. Dunlap was offered to rent both rooms at $2150 per month with two month's security deposit and one month's rent up front.

35.   Denies the allegations in paragraph 35 of the Complaint.

36.   Denies the allegations in paragraph 36 of the Complaint.

37.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint.

**39.** Denies the allegations in paragraph 39 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ms. Dunlap's current residence.

### ANSWER TO ALLEGATIONS RE: COUNT I

40. Repeats, realleges and incorporates in full paragraphs 1 through 39 of this Answer as though fully set forth at length herein.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint.

45. Denies the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

### ANSWER TO ALLEGATIONS RE: COUNT II

48. Repeats, realleges and incorporates in full paragraphs 1 through 47 of this Answer as though fully set forth at length herein.

49. Denies the allegations in paragraph 49 of the Complaint.

50. Denies the allegations in paragraph 50 of the Complaint.

51. Denies the allegations in paragraph 51 of the Complaint.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint.

54. Denies the allegations in paragraph 54 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

55. Plaintiffs fail to state claims, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

56. Ms. Dunlap was not financially qualified to lease the available rooms in the subject apartment at 358 Broadway, New York, New York, at any time relevant herein.

8

### THIRD AFFIRMATIVE DEFENSE

57. Ms. Dunlap's lease application was denied on the basis of good faith, legitimate business judgment.

### FOURTH AFFIRMATIVE DEFENSE

58. 358 Broadway's denial of Ms. Dunlap's application to lease rooms in the subject apartment was not based on Ms. Dunlap's sex.

### FIFTH AFFIRMATIVE DEFENSE

59. Ms. Smith and Ms. Dunlap are precluded from any recovery because they suffered no adverse action.

### SIXTH AFFIRMATIVE DEFENSE

60. Ms. Smith and Ms. Dunlap are precluded from any recovery because they suffered no damages.

### SEVENTH AFFIRMATIVE DEFENSE

61. Ms. Smith and Ms. Dunlap failed to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

62. 358 Broadway did not refuse to rent to Ms. Smith. In fact, Ms. Smith leased rooms of the apartment from 358 Broadway. Ms. Smith did not seek to renew her lease for the rooms in the subject apartment.

**NINTH AFFIRMATIVE DEFENSE**

63. Even if Plaintiffs' allegations were proven true, Mr. Jacob's alleged actions would not support a finding of hostile housing environment sexual harassment as these alleged actions were not severe and pervasive and did not unreasonably interfere with Plaintiff's use and enjoyment of the premises.

WHEREFORE, Defendant 358 Broadway respectfully requests this Court to grant it:

(1) Judgment dismissing the Complaint in all respects; and

(2) Such other, further and additional relief as to this Court may seem just and proper.

Dated: New York, New York
October 5, 2006

BRILL & MEISEL
*Attorneys for Defendant 358 Broadway LLC*

By: _/s_____
Rosalind S. Fink (RF-2492)
845 Third Ave., 16th Floor
New York, New York 10022
Ph: (212) 753-5599
Fax: (212) 486-6587

To: LATHAM & WATKINS LLP           BERKE-WEISS & PECHMAN LLP
*Attorneys for Plaintiffs*              *Attorneys for Defendant Jerry Jacobs*
885 Third Ave.                      488 Madison Avenue
New York, NY 10022                  New York, NY 10022
Ph: (212) 906-1200                  Ph: (212) 583-9500
Fax: (212) 751-4864                 Fax (212) 308-8582

G:\358BWAY\Discrim Lit\Pleadings\answer.wpd