# EXHIBIT A

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet

**07 CIV 5830**

**PLAINTIFFS**

ASHLEY GRANATA and AUTUM DEVA A. GINSBURG

**DEFENDANTS**

JERRY JACOBS, 358 BROADWAY, LLC and 358
BROADWAY REALTY

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

QUERREY & HARROW, LTD. 120 Broadway, Ste.955
New York, NY 10271 (212) 233-0130

**ATTORNEYS (IF KNOWN)**

NONE

RECEIVED
JUN 20 2007
U.S.D.C. S.D.N.Y.
CASHIERS

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

FHA 42 USC Section 3601 et seq., and NYS Human Rights Law, Executive Law Section 290 et seq.

Has this or a similar case been previously filed in SDNY at any time? No ☐ Yes? ☒   Judge Previously Assigned Magistrate Judge Casey

If yes, was this case Vol ☐ Invol ☐ Dismissed. No ☒ Yes ☐  If yes, give date _____ & Case No 06-CV-6160

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

**ACTIONS UNDER STATUTES**

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE
  INSTRUMENT
[ ] 150 RECOVERY OF
  OVERPAYMENT &
  ENFORCEMENT OF
  JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF
  DEFAULTED
  STUDENT LOANS
  (EXCL VETERANS)
[ ] 153 RECOVERY OF
  OVERPAYMENT OF
  VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT
  LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT
  LIABILITY
[ ] 320 ASSAULT, LIBEL &
  SLANDER
[ ] 330 FEDERAL
  EMPLOYERS
  LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT
  LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE
  PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL
  INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY
  MED MALPRACTICE
[ ] 365 PERSONAL INJURY
  PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL
  INJURY PRODUCT
  LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL
  PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE
  PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED
  SEIZURE OF
  PROPERTY
  21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL
  SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR
  STANDARDS ACT
[ ] 720 LABOR/MGMT
  RELATIONS
[ ] 730 LABOR/MGMT
  REPORTING &
  DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR
  LITIGATION
[ ] 791 EMPL RET INC
  SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL
  28 USC 158
[ ] 423 WITHDRAWAL
  28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY
  26 USC 7609

**OTHER STATUTES**

[ ] 400 STATE
  REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE ICC
  RATES ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU
  ENCED & CORRUPT
  ORGANIZATION ACT
  (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/
  COMMODITIES/
  EXCHANGE
[ ] 875 CUSTOMER
  CHALLENGE
  12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC
  STABILIZATION ACT
[ ] 893 ENVIRONMENTAL
  MATTERS
[ ] 894 ENERGY
  ALLOCATION ACT
[ ] 895 FREEDOM OF
  INFORMATION ACT
[ ] 900 APPEAL OF FEE
  DETERMINATION
  UNDER EQUAL ACCESS
  TO JUSTICE
[ ] 950 CONSTITUTIONALITY
  OF STATE STATUTES
[ ] 890 OTHER STATUTORY
  ACTIONS

### ACTIONS UNDER STATUTES

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE &
  EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT
  LIABILITY
[ ] 290 ALL OTHER
  REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[X] 443 HOUSING
  ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH
  DISABILITIES
  EMPLOYMENT
[ ] 446 AMERICANS WITH
  DISABILITIES OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO
  VACATE SENTENCE
  28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE Casey   DOCKET NUMBER 06-CV-6160

*(PLACE AN x IN ONE BOX ONLY)*

**ORIGIN**

☐ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 2b Removed from State Court
AND at least one party is a pro se litigant

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
(Specify District)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate Judge
Judgment

---

*(PLACE AN x IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

☐ 1 U.S. PLAINTIFF ☐ 2 U.S. DEFENDANT ☒ 3 FEDERAL QUESTION ☐ 4 DIVERSITY
(U S NOT A PARTY)

*IF DIVERSITY, INDICATE
CITIZENSHIP BELOW.
(28 USC 1332, 1441)*

---

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [X] | [X] | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

---

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

120 Broadway, Ste. 955
New York, NY 10271    - New York County

---

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

358 Broadway,LLC, 488 Madison Avenue, New York, NY 10022  - New York County
358 Broadway Realty,LLC, 600 Third Avenue, 25th Floor, New York, NY 10016   - New York County

---

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS

N/A

---

Check one     THIS ACTION SHOULD BE ASSIGNED TO     ☐ WHITE PLAINS     ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
|  |  | [ ] NO |
| RECEIPT # |  | [x] YES (DATE ADMITTED Mo. 09 Yr. 2001 ) |
|  |  | Attorney Bar Code # GW5689 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# UNITED STATES DISTRICT COURT

_____ Southern _____    District of _____ New York _____

ASHLEY GRANATA and
AUTUMN DEVA GINSBURG

**SUMMONS IN A CIVIL ACTION**

V.

JERRY JACOBS, ALAN ROSEN, 358
BROADWAY LLC and 358 BROADWAY
REALTY, LLC

CASE NUMBER:

**07 CIV 5830**

TO: (Name and address of Defendant)

> Jerry Jacobs, 358 Broadway, LLC, 7 Penn Plaza, Ste. 222, NYC 10088
> Alan Rosen, 358 Broadway, LLC, 7 Penn Plaza, Ste. 222, NYC 10088
> 358 Broadway LLC, c/o Mark N. Axinn, Esq. 488 Madison Ave. NYC
> 10022
> 358 Broadway Realty, LLC, c/o Silberberg & Kirschner, LLP
> 600 Third Avenue, 25th Floor, NYC 10016

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

> QUERREY & HARROW, LTD.
> 120 BROADWAY, STE. 2800
> NEW YORK, NY 10271

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                   JUN 2 0 2007

_____          _____
CLERK                                              DATE

_____
(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— X

ASHLEY GRANATA and
AUTUMN DEVA GINSBURG,

                            Plaintiffs,

              v.

JERRY JACOBS, ALAN ROSEN,
358 BROADWAY LLC &
358 BROADWAY REALTY, LLC,

                         Defendants.

———————————————————————— X

**'07 CIV 5830**

RECEIVED
JUL 2 0 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs Ashley Granata ("Ms. Granata") and Autumn Deva Ginsburg ("Ms. Ginsburg") by their attorneys, Querrey & Harrow, LLP, their complaint against Defendants Jerry Jacobs, Alan Rosen, 358 Broadway, LLC, ("358 Broadway") and 358 Broad Realty, LLC allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action by Ashley Granata and Autumn Deva Ginsburg to enforce the Federal Fair Housing Act ("FHA"), 42 U.S.C.§3601 et seq., and the New York State Human Rights Law, Executive Law §290 et seq., and obtain redress for Defendant Jerry Jacobs' and Alan Rosen's sexual harassment of Plaintiffs, intentional infliction of emotional distress and retaliation against plaintiff's for their assistance in enforcing the rights of Jennifer Dunlap and Kathryn Smith in the related action of *Jennifer Dunlap and Kathryn Smith v. Jerry Jacobs and 358 Broadway, LLC*, United States District Court, Southern District of New York, Docket No. 06-CV-6160.

## JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1343, 28 U.S.C. §2201 and 42 U.S.C. §3613 and 42 U.S.C. §3617. This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Plaintiffs and Defendants reside in New York, and the harassment and/or retaliation against plaintiffs occurred in New York.

## PARTIES

4.      Plaintiff Ms. Granata is twenty-six years old and currently resides in New York, New York. In June, 2005, Ms. Granata met with Defendant Jerry Jacobs in connection with the rental of Apartment 3A located at 358 Broadway, New York, New York (the "Property") and did rent the Property from Jerry Jacobs from July 1, 2005 with an advance payment of four months rent.

5.      Plaintiff Ms. Ginsburg is twenty-seven years old and currently resides in New York, NY. From December 1, 2005 to the present, Ms. Ginsburg has been resident at the Property and has been a co-tenant with Ms. Granata.

6.      Defendant 358 Broadway LLC is a New York corporation with a mailing address of 7 Penn Plaza, Suite 222, New York, New York. Upon information and belief 358 Broadway LLC, at all relevant times, owns/owned the Property.

7.      Upon information and belief Defendants Jerry Jacobs and Alan Rosen, at all relevant times, are/were owners and officers of 358 Broadway LLC.

8.      Upon information and belief, Defendant Alan Rosen, at all relevant times actively participates/participated in the operations of 358 Broadway LLC.

9.     Defendant Jerry Jacobs, at all relevant times is/was the landlord of the Property. Upon information and belief he maintains offices on the second floor of the Property and at 40W. 37th Street, Suite 803, in New York (the "Midtown Office"). Upon information and belief, Defendant Jacobs, at all relevant times, actively participates/participated in the operations of the Property and 358 Broadway LLC.

10.     Defendant 358 Broadway Realty, LLC, may be, on information and belief, the current owner of the property at 358 Broadway. Defendant 358 Broadway Realty, LLC has a principal place of business at 112 Clifton Avenue, Suite 15, Lakewood, NJ 08701. Counsel for Defendants, Jacobs, Rosen and 358 Broadway, LLC, after being advised that the Plaintiffs were deprived of hot water, advised in an email (attached Exhibit 2), that the building has been transferred to new owners. Although, based on the representation of Defendants' counsel, Defendants have retained the authorization to continue seek the removal of Plaintiffs from the premises.

## BACKGROUND AND FACTS

A.  Dunlap and Smith Complaint.

11.     Attached hereto as Exhibit 1 is the Complaint if the matter entitled *Jennifer Dunlap and Kathryn Smith v. Jerry Jacobs and 358 Broadway, LLC* , United States District Court, Southern District of New York, Docket No. 06-CV-6160. The allegations contained therein are fully incorporated by reference as if fully set forth herein.

B.  Additional Instances of Harassment and Discrimination against Plaintiffs

12.     Defendants engaged in additional acts of harassment, intimidation and Discrimination against the Plaintiffs that were a continuation of the pattern of sexual

discrimination and harassment suffered by Ms. Dunlap and/or Ms. Smith. In addition to the action described in Exhibit 1. Defendant Jacobs also committed the following acts:

a. Jacobs improperly and without warning and for no legitimate reason entered the apartment while Ms. Ginsburg was in a state of disrobe and insisted on remaining in the apartment.

b. In November, 2005 Jacobs refused to consider potential male roommates for the apartment and suggested that Ms. Granata find some "cute women" for the apartment.

c. After Ms. Ginsburg moved into the apartment in December, 2005, Jacobs intimated that the roommates should consider a "ménage-a-trois" with him.

13. Defendant Jacob's pattern of harassment, intimidation and discrimination as evidenced by all of these actions against the plaintiffs and Smith and Dunlap was *inter alia* to utilize Apartment 3A of 38 Broadway to entice sexual favors from young women, This scheme included, but is not limited to the following fact:

a. Defendant Jacobs did not offer written leases to any of the female tenants in Apartment 3A although, upon information and belief, most other tenants in the building had written leases.

b. Defendant Jacobs declined to allow any male tenants in the apartment although this option was offered by Ms. Granata as described in paragraph 9(b).

c. Defendant Jacobs would sexually harass and intimidate the tenants as described in paragraph 9(a) and (c) as well as what was set out in the Dunlap and Smith Complaint.

C.  Assistance to Dunlap and Smith Investigation

14.     Both Ms. Granata and Ms. Ginsburg assisted in the investigation of the claims made by Ms. Dunlap and Ms. Smith. Both Ms. Ginsburg and Ms. Granata provided statements to aid in the investigation and prosecution of the claims made in that Complaint.

15.     Ms. Granata was a resident in the Property during the time frame referenced in the Dunlap and Smith Complaints.  Ms. Granata was listed as a potential witness in the Dunlap and Smith proceedings.  Defendants, either directly or through their attorney Mark Axinn would have been aware that Ms. Granata was a witness.

16.     Ms. Ginsburg was a resident in the Property during part of the time frame involved in the Dunlap and Smith Complaint.  Ms. Ginsburg gave a statement to assist in the investigation of the Dunalp and Smith Claim.

D.  Disposition of the Dunlap and Smith Case.

17.     The Dunlap lawsuit went to mediation on May 1, 2007.

E.  Retaliation for Assistance in Dunlap and Smith Case

18.     On May 4, 2007, within a few days of the mediation, Defendant Rosen started a campaign to harass, frighten and intimidate Ms. Ginsburg and Ms. Granata into leaving their apartment.

19.     Mr. Rosen, in several phone calls and messages insisted that the building had been sold and that the alleged "new owners" intended to immediately start eviction proceedings to have Ms. Ginsburg and Ms. Granata removed from the premises. Mr. Rosen indicated that he could "try" to obtain an extension.

20.    Such threats were both false and not consistent with Ms. Ginsburg's and Ms. Granata's legal rights.

21.    Such threats caused great pain and suffering to Ms. Granata and Ms. Ginsburg as they feared that proceedings would be immediately commenced against them and that they would be thrown out into the street. Such threats, intimidation and retaliation contributed to the creation of a hostile living environment which interfered with their lawful use and enjoyment of the premises.

22.    On information and belief, such threats were retaliation for their assistance in the Dunlap litigation which they were unaware had been settled. In addition, and/or in the alternative, such threats are continued discrimination by the Defendants in an effort to remove Ms. Ginsburg and Ms. Granata from Apartment 3A so as to avoid further problems with Defendant Jacobs and his schemes to obtain sexual favors from young women.

23.    Once Ms. Granata and Ms. Ginsburg were represented by counsel, Defendant Rosen admitted that the sale had not been consummated but that it was now merely "imminent." He insisted that the "new" owners wanted Ms. Ginsburg and Ms. Granata removed from the premises.

24.    An offer was communicated to Ms. Ginsburg and Ms. Granata asking that they consent to an eviction proceeding on or after July 1, 2007. However, despite the claims that it was the "new" owner that was seeking eviction, the proposed papers were in the name of the Defendant 358 Broadway, LLP.

25.    Ms. Granata and Ms. Ginsburg declined to agree to the eviction. Ms. Granata took possession with an implied year-to-year lease on July 1, 2005. Not a

month-to-month lease as claimed by the defendants. Ms. Granata provided four months advance rent on this year-to-year implied lease. Ms. Ginsburg took possession on December 1, 2005. Ms. Ginsburg and Ms. Granata have been receiving joint rental invoices. Since that time. Ms. Ginsburg and Ms Granata are therefore entitled to an implied year-to-year lease running until December 1, 2007.

26.    As set forth above, Defendant Jacobs did not provide any written confirmation of lease terms as part of his strategy to seek maximum leverage against the young women he sought to have live in Apartment 3A. Defendants are now seeking to remove Ms. Ginsburg and Ms. Granata, instead of treating them fairly and acknowledging their current lease status and providing renewal terms. This strategy in an effort to cover up and avoid any further repercussions for the actions by Defendant Jacobs and also in retaliation for Ms Ginsburg and Ms. Granata'a assistance in the investigation of the prior claims.

27.    Defendant Rosen has deliberately misrepresented the status of the building as well as Ms. Ginsburg's and Ms. Granata's legal rights and status in an effort to intimidate and frighten Ms. Ginsburg and Ms. Granata to leave the building. In addition, Defendants have taken specific actions in an effort to render the habitation of the apartment unfit such as turning off the hot water to the apartment on several occasions. This has all been part of a scheme to intimidate, harass, annoy, threaten and interfere with the quiet use and enjoyment of the property by the plaintiffs so as to induce them to leave the building.

On information and belief, Defendant 358 Broadway Realty, LLC is liable both in combination with Defendants Rosen, Jacobs and 358 Broadway, LLC, and/or also

through the doctrine of *respondent superior* on the basis that Defendants Rosen, Jacobs and 358 Broadway, LLP have acted in whole or in part as their agents. On information and belief, 358 Broadway realty, LLC has expressly authorized, permitted and encouraged the other Defendants to engage in and/or continue in their discriminatory and retaliatory practices.

**COUNT I**

Violation of §3604 of the Fair Housing Act
(42 U.S.C. §3604, 3617)

28.    Plaintiffs repeat and reallege paragraphs 1 though 24 of their complaint as though fully set forth herein.

29.    Defendants' conduct constitutes a denial of housing or making housing unavailable on the basis of sex, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. §3604(a).

30.    Defendants' conduct constitutes discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, on the basis of sex, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. §3604(b).

31.    Defendants' conduct constitutes the making of statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination on the basis of sex, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. §3604(c).

32.    Defendants' conduct constitutes coercion, intimidation, or interference with the Plaintiffs in the exercise of enjoyment of their rights and/or on account of their having aided or encouraged any other person in the exercise of their rights under Section

804 of the Fair Housing Act in violation of Section 818 of the Fair Housing Act, 42

U.S.C. §3617.

33.    Ms. Ginsburg and Ms. Granata are aggrieved persons as defined in 42

U.S.C. §3602(i), have been injured by the Defendants' discriminatory conduct, and have

suffered damages as a result.

34.    The Defendants' conduct was intentional, willful, and made in disregard

for the rights of others, including the Plaintiff.

35.    Accordingly, under 42 U.S.C. §3613(c) the Plaintiffs are entitled to actual

damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT II

### Violations of New York State Executive Law
### (Article 15 §296)

36.    Plaintiffs repeat and reallege paragraphs 1 through 24 of their complaint as

through fully set forth herein.

37.    Defendants' conduct constitutes a denial of housing accommodation or the

withholding of a housing accommodation on the basis of sex, in violation of Article 15 of

the New York Executive Law §296(a)(1).

38.    Defendants' conduct constitutes discrimination on the basis of sex in

terms, conditions or privileges of the rental of a housing accommodation or in the

furnishing of facilities and services in connection therewith in violation of Article 15 of

the New York Executive Law §296(5)(a)(2).

39.    Defendants' conduct constitutes the making of statements in connection

with a housing accommodation which expresses, directly or indirectly, any limitation,

specification or discrimination, in violation of Article 15 of the New York Executive Law §296(5)(a)(3).

40.     Pursuant to Article 15 of the New York Executive Law §296(7).

41.     Defendants' conduct constitutes unlawful retaliation or discrimination against the Plaintiffs for opposing any practices forbidden under Article 15 of the New York Executive Law and/or because they assisted in any proceeding under this article.

42.     Ms. Ginsburg and Ms. Granata have been injured by the Defendants' discriminatory conduct and have suffered damages as a result.

43.     The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

44.     Accordingly, under Article 15 of the New York Executive Law §297, the Plaintiffs are entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT III

### Intentional Infliction of Emotional Distress
(State Law)

45.     Through a deliberate, planed and malicious campaign of harassment and intimidation Defendants did cause the intentional infliction of emotional distress upon Ms. Ginsburg and Ms. Granata.

## COUNT IV

### Declaration of Rights under Implied Leasehold

46.     An actual controversy exists between the Plaintiffs and the Defendants as to the scope of their leasehold rights. As set forth in Paragraphs 1-25, Defendants

discriminatory actions and scheme have included not providing written confirmation of lease terms. Plaintiff Granata provided four months advance trend which allows an inference of a year-to-year lease. Plaintiff Ginsburg began her tenancy on December 1, 2005. From that point forward the Plaintiffs received joint billings. Therefore, the inference is that such a lease term would be year-to-year. Plaintiffs seek a declaration of their rights against Defendants as to the status of their leasehold. Plaintiffs seek a declaration that they are co-tenants with an implied lease of one year ending on December 1, 2007.

## PRAYER AND RELIEF

**WHEREFORE**, Ms. Ginsburg and Ms. Granata respectfully request judgment against the Defendants as follows:

a)      Declaring that Defendants' discriminatory practices and retaliation violate the Fair Housing Act, as amended, 42 U.S.C. §§3601 *et seq.*;

b)      Enjoining Defendants, Defendants' agents, employees, and successors, and all other persons in active concert or participation from:

1) Denying housing or making housing unavailable on the basis of sex;

2) Discriminating in the terms, conditions or privileges of the rental of a dwelling or in the provision of services or facilities in connection therewith, on the basis of sex;

3) Making, printing or publishing any statement with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of sex;

4) Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, as amended, 42 U.S.C. §§3601 *et seq*;

5) Failing or refusing to take affirmative steps necessary to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

6) Creating a hostile housing environment that substantially interferes with the Plaintiff's use and enjoyment of the premises.

7)     Retaliating against the Plaintiffs based on their having aided or encouraged another in the exercise or enjoyment of their protected rights. 42 U.S.C. §3617.

c)     Declaring that the Plaintiffs have a year-to-year lease which terminates on December 1, 2007 and enjoining the Defendants from discriminating and/or retaliating against the Plaintiffs in the renewal of said lease.

d)     Awarding Plaintiffs actual damages against Defendants according to proof at trial;

e)     Awarding Plaintiffs reasonable attorneys' fees, costs and expenses incurred in prosecuting this action; and

f)     Granting Plaintiffs preliminary and permanent injunctive relief to prevent the Defendants from attempting to eject the plaintiffs from the premises.

g)     Granting Plaintiffs such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial on the merits by jury pursuant to Fed.R.Civ.P.38.

Dated: June 20, 2007
        New York, New York

                                        Yours etc.,

                                        QUERREY & HARROW, LTD.

BY:                                     _____
                                        George J. Vogrin (GV/5889)
                                        Attorneys for Plaintiffs
                                        ASHLEY GRANATA and
                                        AUTUMN DEVA GINSBURG
                                        120 Broadway, Suite 955
                                        New York, NY 10271

**BY REGULAR MAIL and
PERSONAL SERVICE upon:**

Mr. Jerry Jacobs
358 Broadway, LLC
Seven Penn Plaza, Ste. 222
New York, NY 10008

Mr. Alan Rosen
358 Broadway, LLC
Seven Penn Plaza, Ste. 222
New York, NY 10008

358 Broadway, LLC
c/o Mark N. Axinn, Esq.
Brill & Meisel
488 Madison Avenue
New York, NY 10022

358 Broadway Realty, LLC
c/o Silberberg & Kirschner, LLP
600 Third Avenue, 25th Floor
New York, NY 10016

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER DUNLAP and KATHRYN SMITH,<br><br>                    Plaintiffs,<br><br>        v.<br><br>JERRY JACOBS and 358 BROADWAY LLC,<br><br>                    Defendants. | Civ._____<br><br>**COMPLAINT**<br><br>**JURY TRIAL<br>DEMANDED** |



        Plaintiffs Jennifer Dunlap ("Ms. Dunlap") and Kathryn Smith ("Ms. Smith") by

their attorneys, Latham & Watkins LLP, for their Complaint against Defendants Jerry Jacobs

("Jacobs") and 358 Broadway LLC ("358 Broadway"), allege as follows:

### NATURE OF THE ACTION

        1.        This is a civil action by Jennifer Dunlap and Kathryn Smith to enforce the

federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and the New York State Human

Rights Law, Executive Law § 290 *et seq.*, and obtain redress for Defendant Jerry Jacobs' sexual

harassment of Plaintiffs.

### JURISDICTION AND VENUE

        2.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, 28

U.S.C. § 2201 and 42 U.S.C. § 3613.  This Court has supplemental jurisdiction over the New

York state law claims pursuant to 28 U.S.C. § 1367.

        3.        Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because

Plaintiffs and Defendants reside in New York, and the harassment of Plaintiffs occurred in New

York.

1

## THE PARTIES

4.      Plaintiff Ms. Dunlap is twenty-four years old and currently resides in New York, New York.  In April 2006, Ms. Dunlap met with Defendant Jerry Jacobs in connection with the rental of a room in an apartment located at 358 Broadway, New York, New York (the "Property").

5.      Plaintiff Ms. Smith is twenty-six years old and currently resides in Brooklyn, New York.  From October 1, 2004 to November 30, 2005, Ms. Smith rented an apartment at the Property.

6.      Defendant 358 Broadway LLC is a New York corporation with a mailing address of 7 Penn Plaza, Suite 222, New York, New York. Upon information and belief 358 Broadway LLC owns the Property.  Upon information and belief Jerry Jacobs and Joel Rosen are owners and officers of 358 Broadway LLC. Upon information and belief, Joel Rosen actively participates in the operations of 358 Broadway LLC.

7.      Defendant Jerry Jacobs is the landlord of the Property. Upon information and belief he maintains offices on the second floor of the Property and at 40 W. 37th Street, Suite 803, in New York (the "Midtown Office") where Jacobs subjected Plaintiffs to quid pro quo sexual harassment. Upon information and belief, Defendant Jacobs actively participates in the operations of the Property and 358 Broadway LLC.

## BACKGROUND

### A.  Jacobs' Sexual Harassment of Ms. Smith

8.      In September 2004, Ms. Smith signed a one-year lease to rent apartment 3A of 358 Broadway (the "Apartment") from Jacobs.

9.     When her lease ended, Ms. Smith contacted Jacobs and told him she was moving out. On Friday, October 28, 2005, Jacobs and the building superintendent visited the Apartment to perform a final walk-through of the Apartment.

10.     During the walk-through, Jacobs asked Ms. Smith where she planned to move. Ms. Smith stated that she had not located alternative housing but she could no longer afford the rent at the Apartment while pursuing her career as a professional dancer.

11.     Jacobs told her she could remain in the apartment for another month at a reduced rate. Jacobs then asked Ms. Smith to accompany him to his office on the second floor of the Property where he telephoned Ms. Smith's roommate and informed her that she and Ms. Smith could remain in the Apartment another month.

12.     Jacobs then asked what Ms. Smith would do for him if he cut the rent in half. Ms. Smith offered to work at the Property or at a textile business he operated. Jacobs explained that he was not interested in that, and that what he wanted was "company." Jacobs said he wanted Ms. Smith to come to his office once a week for a couple of hours. He asked her if she had a boyfriend and said that she could keep their meetings a secret from him.

13.     Jacobs then asked if she ever fantasized about older men. Ms. Smith was stunned and embarrassed and did not reply.

14.     Jacobs told Ms. Smith she looked nervous and said that he was also nervous because he had never done this before.

15.     Jacobs said that Ms. Smith should view his offer as a business decision rather than a personal decision because she could use the unoccupied room in the apartment as a dance studio. At that moment, the building superintendent walked into the office. Ms. Smith

3

stood up to leave and Jacobs said that they could finish talking about his offer on Monday, October 31, 2005. Jacobs asked that Ms. Smith come to his Midtown Office.

16.    As Ms. Smith was leaving, Jacobs put his hand out as if to shake hands, so Ms. Smith did the same. Instead of shaking her hand, Jacobs tried to hug and kiss her. Ms. Smith quickly turned away and left the office.

17.    Ms. Smith stayed in the Apartment one more month but avoided all personal contact with Jacobs. When Jacobs conducted another walk-through at the end of the month, Ms. Smith brought a male friend to ensure her safety. The walk-through proceeded without incident and Ms. Smith moved out.

18.    As a result of Jacobs' discriminatory actions and harassment, Ms. Smith has suffered irreparable loss and injury including emotional distress, humiliation, embarrassment, and a deprivation of her civil rights on the basis of sex. Defendants' discriminatory actions and harassment also adversely affected Ms. Smith's work and her career as a dancer.

### B. Jacobs' Sexual Harassment of Ms. Dunlap

19.    In February of 2006, Ms. Dunlap learned there were two rooms available in the Apartment: a larger room for $1,400/month and a smaller room for $750/month. Ms. Dunlap was interested in the smaller room and in March she went to view the Apartment and meet with the current tenants, one of whom Ms. Dunlap already knew.

20.    The current tenants advised Ms. Dunlap that she could move in as soon as she got permission from the landlord, Jerry Jacobs. Ms. Dunlap called Jacobs, who told her that he wanted to meet with her. Ms. Dunlap asked if she should bring anything to the meeting but Jacobs said that he just wanted to talk with her.

4

21.      On or about Monday, March 20, 2006, at 1:00 p.m., Ms. Dunlap met with Jacobs at the Midtown Office. Ms. Dunlap expressed her interest in renting the smaller room for $750 and offered to provide Jacobs with documentation of her income and explained that her parents would co-sign the lease if necessary. They also talked about Ms. Dunlap's career as an artist and Jacobs' interest in art.

22.      Jacobs said he would discuss her application with his partner and would get back to her. Upon information and belief, this partner was Joel Rosen. Ms. Dunlap asked if she could have a decision before the end of the week. Jacobs said that was not possible, but that she should contact him the following week.

23.      At the end of this meeting, a man walked into Jacobs' office and Jacobs introduced him to Ms. Dunlap. Upon information and belief, this man was Jacobs' partner, Joel Rosen.

24.      Ms. Dunlap called Jacobs during the first week of April to ask if he had made a decision. Jacobs said he had not.

25.      On or about April 10, 2006, Jacobs called Ms. Dunlap and told her that he and his partner would not rent her the smaller room, but that if she was "in a bind" she should let him know because he might be able to "work out a deal" for her. Ms. Dunlap stated that she was "in a bind," because her current roommates had already found someone to rent her room and she thought Jacobs might offer to rent her the room month-to-month. Jacobs told Ms. Dunlap he wanted to meet with her in person and they arranged to meet on Tuesday, April 18, 2006.

<u>April 18, 2006 Meeting between Jacobs and Ms. Dunlap</u>

26.      Ms. Dunlap met Jacobs on April 18, 2006 at his Midtown Office at 1:00 p.m. During the meeting, Jacobs asked if Ms. Dunlap had found a room and she told him she

still needed housing. Jacobs then told Ms. Dunlap that he could not rent her the small room but that he really "liked her" and thought she was "really nice."

27.    Jacobs then stated he could give Ms. Dunlap the smaller room or both rooms for free. Ms. Dunlap asked how that would work. Jacobs asked Ms. Dunlap how she thought it would work. Ms. Dunlap, unsure, asked if he wanted to trade some of her artwork for rent.

28.    Jacobs said that art was not what he was looking for. Ms. Dunlap asked what he wanted. Jacobs suggestively replied that she knew what he wanted. Ms. Dunlap, shocked and appalled, said that she was not going to give him that. Ms. Dunlap then offered to pay three months' rent at a time and pay for the first three months in advance. Jacobs refused her offer.

29.    Ms. Dunlap was distressed and shaken after leaving Jacobs' office and she immediately called a friend and told her what happened.

30.    Jacobs called Ms. Dunlap about a week later to again ask if she had found an apartment. Ms. Dunlap stated she had not and terminated the phone call. Mr. Jacobs called Ms. Dunlap on two more occasions, each time asking if she had found an apartment. During one of these conversations, Jacobs informed her that he had a few more options, but that he could not talk about them over the phone. Believing that Jacobs was going to rent her a room, Ms. Dunlap had suspended her housing search and desperately needed a place to live, so she agreed to meet with Jacobs.

### April 26, 2006 Meeting Between Jacobs and Ms. Dunlap

31.    On Wednesday, April 26, 2006, Ms. Dunlap went to the Midtown office to meet Jacobs as agreed. Ms. Dunlap brought a friend who waited outside Jacobs' office to ensure her safety.

32.    During this meeting Jacobs again asked if she had found an apartment. Ms. Dunlap said she had not. Jacobs then stated he would rent her the rooms but it would involve "some sex."

33.    Jacobs stated that she could move in the next day if he could "eat" her and if she would "eat" him.   He said that if he was permitted to touch her and if she would touch him, Ms. Dunlap could have the larger room in the Apartment for the month of May "absolutely free."

34.    Jacobs then stated that if she performed the sexual acts he requested, he would even let her move in that day.  Ms. Dunlap told Jacobs that she thought it was unfair that he would only rent the room in exchange for sexual acts.  Jacobs stated that the only acceptable monetary arrangement would be to rent both available rooms for $2150/month with 2 months' security deposit and 1 month's rent up front, even though Jacobs knew Ms. Dunlap could not afford that rent.

35.    Jacobs repeated that Ms. Dunlap could either rent both rooms, or she could perform oral sex and "touching" and have both rooms rent free.  Ms. Dunlap refused. Jacobs said that was "too bad" but if Ms. Dunlap did not find alternative housing she would always have "a way out."

36.    Ms. Dunlap told Jacobs that she was shocked.  Jacobs responded that he had never done this before and was "really nervous," and asked Ms. Dunlap if she was "nervous."  Ms. Dunlap responded that she was "shocked and appalled."

7

37.    Ms. Dunlap left the building with her friend.  Outside, Ms. Dunlap repeated the conversation she had just had to her friend.

38.    As a result of Jacobs' discriminatory actions and sexual harassment, Ms. Dunlap has suffered irreparable loss and injury including emotional distress, humiliation, embarrassment, and a deprivation of her civil rights on the basis of sex.  Ms. Dunlap has become less trusting in her social interactions with new people, especially with older men.

39.    As a result of Jacobs' discriminatory actions and sexual harassment Ms. Dunlap was forced to rent a far less convenient and desirable apartment.

## COUNT I

### Violation of § 3604 of the Fair Housing Act
### (42 U.S.C. § 3604, 3617)

40.    Plaintiffs repeat and reallege paragraphs 1 through 39 of their complaint as though fully set forth herein.

41.    Defendants' conduct constitutes a denial of housing or making housing unavailable on the basis of sex, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a).

42.    Defendants' conduct constitutes discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, on the basis of sex, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b).

43.    Defendants' conduct constitutes the making of statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination on the basis of sex, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c).

8

44.    Defendants' conduct constitutes coercion, intimidation, or interference with the Plaintiffs in the exercise or enjoyment of their rights under Section 804 of the Fair Housing Act in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

45.    Ms. Smith and Ms. Dunlap are aggrieved persons as defined in 42 U.S.C. § 3602(i), have been injured by the Defendants' discriminatory conduct, and have suffered damages as a result.

46.    The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

47.    Accordingly, under 42 U.S.C. § 3613(c), the Plaintiffs are entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

### COUNT II
#### Violation of New York State Executive Law
#### (Article 15 § 296)

48.    Plaintiffs repeat and reallege paragraphs 1 through 39 of their complaint as through fully set forth herein.

49.    Defendants' conduct constitutes a denial of housing accommodation or the withholding of a housing accommodation on the basis of sex, in violation of Article 15 of the New York Executive Law § 296(5)(a)(1).

50.    Defendants' conduct constitutes discrimination on the basis of sex in the terms, conditions or privileges of the rental of a housing accommodation or in the furnishing of facilities and services in connection therewith in violation of Article 15 of the New York Executive Law § 296(5)(a)(2).

51.    Defendants' conduct constitutes the making of statements in connection with a housing accommodation which expresses, directly or indirectly, any limitation,

9

specification or discrimination on the basis of sex, or any intent to make any such limitation, specification or discrimination, in violation of Article 15 of the New York Executive Law § 296(5)(a)(3).

52.    Ms. Smith and Ms. Dunlap have been injured by the Defendants' discriminatory conduct and have suffered damages as a result.

53.    The Defendants' conduct was intentional, willful, and made in disregard for the rights of others.

54.    Accordingly, under Article 15 of the New York Executive Law § 297, the Plaintiffs are entitled to actual damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Smith and Ms. Dunlap respectfully request judgment against the Defendants as follows:

(a)    Declaring that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

(b)    Enjoining Defendants, Defendants' agents, employees, and successors, and all other persons in active concert or participation from:

    (i)    Denying housing or making housing unavailable on the basis of sex;

    (ii)    Discriminating in the terms, conditions or privileges of the rental of a dwelling or in the provision of services or facilities in connection therewith, on the basis of sex;

10

(iii)  Making, printing or publishing any statement with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of sex;

(iv)  Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

(v)  Failing or refusing to take affirmative steps necessary to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the discriminatory conduct;

(c)  Awarding Plaintiffs actual damages against Defendants according to proof at trial;

(d)  Awarding Plaintiffs punitive damages against the Defendant according to proof at trial;

(e)  Awarding Plaintiffs reasonable attorneys' fees, costs and expenses incurred in prosecuting this action; and

(f)  Granting Plaintiffs such other further relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial on the merits by jury pursuant to Fed. R. Civ. P. 38.

11

Dated: August 14, 2006
New York, New York

LATHAM & WATKINS LLP

By: _____

Kurt M. Rogers
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Attorneys for Jennifer Dunlap
and Kathryn Smith

NY\1168822

12

# EXHIBIT 2

**Subject: Re: Ashley Granata and Deva Ginsberg**
**Date:** Thursday, June 14, 2007 6:14 PM
**From:** mark axinn <markaxinn@hotmail.com>
**To:** <gvogrin@querrey.com>
**Conversation:** Ashley Granata and Deva Ginsberg

Neither 358 Broadway LLC nor any of its members or principals has any legal
interest in the building. You did not believe me when I told you the
building would soon be sold and, incredibly, you do not believe me now that
it has been sold. I cannot be more clear.

358 Broadway LLC is authorized pursuant to an agreement with the new owner
to prosecute summary dispossess proceedings against and/or to negotiate
voluntary vacatures from Apartment 3A with your two above-referenced
clients. My client has no responsibility, authority nor interest in the
building except with respect to dispossessing your clients after their
month-to-month tenancies expire on June 30.

Accordingly, with respect to the hot water, I suggest that your clients call
the superintendent like any other tenant in New York City does when a
service goes out.

Finally, with respect to your claim of a tenancy until December 1, please
forward me a copy of the signed leases to Ms. Granata and to Ms. Ginsberg
providing for such alleged term. In the absence of any such document, your
clients are month-to-month tenants.

Thank you.

Mark N. Axinn
Brill & Meisel
845 Third Avenue
New York, New York 10022
212-753-5599
212-753-7373 (F)
212-486-6587 (F)
markaxinn@hotmail.com


>From: George Vogrin <gvogrin@querrey.com>
>To: mark axinn <markaxinn@hotmail.com>
>Subject: Re: Ashley Granata and Deva Ginsberg
>Date: Thu, 14 Jun 2007 17:10:25 -0400
>
>Thank you for the information. However, that does not necessarily answer my
>question as to who my clients should contact regarding the hot water issue
>aside from an address in Southern New Jersey.
>
>Please advise if you are representing 358 Broadway Realty, LLC or whether I
>(and my firm) are free to contact them directly or through their counsel.
>
>If we are to contact them through counsel then please provide us the name
>of
>their counsel.
>
>If you are representing them, then we would request that you please advise
>your clients that my clients' hot water is not working and ask them to
>please have it fixed.
>
>Your gratuitous insults are simply inappropriate. I was not threatening
>you.

>Your response to my previous email was to advise me that your client was no
>longer responsible for the building maintenance. You nevertheless advised
>me
>as well that you were authorized to represent the new owners although that
>I
>should not talk to you (and therefore effectively the hew owner) unless I
>wanted to settle my clients' case. As is clear from this email, we want to
>establish whether the new owners are your clients or whether your are
>merely
>conveying an offer in a capacity different from an attorney.
>
>
>George J. Vogrin
>Querrey & Harrow, Ltd.
>
>On 6/14/07 12:23 PM, "mark axinn" <markaxinn@hotmail.com> wrote:
>
> > George:
> >
> > Stop acting like a child and threatening me. Unlike you, I respond
>within a
> > day to my emails and telephone calls. If I don't jump at your beck and
>call,
> > perhaps I have other matters to attend to.
> >
> > Attached is a copy of the Notice to Tenants which my client executed at
>the
> > closing Tuesday and delivered to the purchaser's attorney to distribute
>to
> > the tenants.
> >
> > Do not contact me again unless you want to negotiate your clients'
>vacature
> > from the building.
> >
> > Mark N. Axinn
> > Brill & Meisel
> > 845 Third Avenue
> > New York, New York 10022
> > 212-753-5599
> > 212-753-7373 (F)
> > 212-486-6587 (F)
> > markaxinn@hotmail.com
> >
> >
> >
> >
> >
> >> From: George Vogrin <gvogrin@querrey.com>
> >> To: mark axinn <markaxinn@hotmail.com>
> >> Subject: Re: Ashley Gransta and Deva Ginsberg
> >> Date: Thu, 14 Jun 2007 10:13:56 -0400
> >>
> >> Dear Attorney Axinn:
> >>
> >> Although you indicate that your "client" no longer owns the building,
>you
> >> are nevertheless advising that "we" are acting for the new owner with
> >> regard
> >> to the negotiation of a potential settlement. It is therefore clear
>that
> >> you
> >> are acting for the current owners.
> >>
> >> Yesterday I sent you an email requesting that you immediately identify
>the
> >> new owners. You have not responded. We again demand that you
>immediately

> >> identify the new owner. It is clear that you are acting on behalf of
>the
> >> new
> >> owners and you have absolutely no basis for declining to identify them
>and
> >> provide my clients with proof that the transaction has taken place.
> >>
> >> My clients are being denied access to hot water. Please advise your
> >> principal immediately of this fact and have them take appropriate
>steps.
> >> Please also advise your principal that my clients are not holdover
>tenants
> >> and that they are entitles to remain in the premises at least until
> >> December
> >> 1, 2007 which is when the tenancy expires.
> >>
> >> Unless we are immediately provided the name and address of the new
>owner, a
> >> contact individual at the new owner and proof that this transaction has
> >> occurred and that title is transferred. We can only conclude either
>that no
> >> ownership transfer has taken place or that the new owners are part of a
> >> continuing conspiracy to deny my clients access to their home.
> >>
> >> Sincerely,
> >>
> >> George J. Vogrin
> >> Querrey & Harrow, Ltd.
> >>
> >
>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
ASHLEY GRANATA and
AUTUMN DEVA GINSBURG,

                              Plaintiffs,                    **AFFIDAVIT OF SERVICE**

        v.

JERRY JACOBS, ALAN ROSEN,
358 BROADWAY LLC &
358 BROADWAY REALTY, LLC,

                              Defendants.
————————————————————X

        Patricia Hutson, duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York

        That on the 20th day of June, 2007, deponent served the within **SUMMONS AND COMPLAINT**
UPON:

Mr. Jerry Jacobs
358 Broadway, LLC
Seven Penn Plaza, Ste. 222
New York, NY 10008

Mr. Alan Rosen
358 Broadway, LLC
Seven Penn Plaza, Ste. 222
New York, NY 10008

358 Broadway, LLC
c/o Mark N. Axinn, Esq.
Brill & Meisel
488 Madison Avenue
New York, NY 10022

358 Broadway Realty, LLC
c/o Silberberg & Kirschner, LLP
600 Third Avenue, 25th Floor
New York, NY 10016

at the address designated by said attorney for that purpose by depositing true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                              _Patricia Hutson_
                              Patricia Hutson

Sworn to before me this
      day of June. 2007

_Kimberley Romeo_
Notary Public

**Kimberly Romeo
Notary Public, State of New York
No. 01RO6105142
Qualified in Westchester County
Commission Expires February 2, 2008**

# EXHIBIT B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
358 BROADWAY REALTY, LLC,

                Petitioner-Landlord,

        - against -

DEVA GINSBERG &
ASHLEY GRANATA
358 Broadway, Apt. #3A
New York, New York 10013

             Respondent-Tenant,

"JOHN/JANE DOE"

           Respondents-Undertenants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. L&T 077240/07

**NOTICE OF PETITION**

(Residential Holdover)

      To the Respondents above named and described, in possession of the Premises hereinafter described or claiming possession thereof:

      **PLEASE TAKE NOTICE** that a hearing at which you must appear will be held at the Civil Court of the City of New York, County of New York, Part **H**, Room **1164B**, 111 Centre Street, County, City and State of New York, on **July 18**, **2007**, at **9:30** o'clock in the forenoon of that day, on the annexed Petition of **358 BROADWAY REALTY, LLC.**, verified on July 1, 2002, which prays for a final judgment of eviction, awarding to Petitioner the possession of the Premises described as follows: **Apartment #3A**, all rooms, in the Premises known as and located at **358 Broadway, New York, New York 10013**, as demanded in the Petition, which you must answer. Your Answer may set forth any defense or counterclaim against the Petitioner, unless precluded by law or by prior agreement between the parties.

      **PLEASE TAKE FURTHER NOTICE**, that demand is made in the Petition herein for judgment against you for the reasonable value of use and occupancy of the subject Premises, and reasonable attorney's fees of not less than Five Thousand Five Hundred ($5,500.00) Dollars per month.

      **PLEASE TAKE FURTHER NOTICE**, that if you fail to interpose and establish any defense that you may have to the allegations of the Petition, you may be precluded from asserting such defense or the claim upon which it is based in any other proceeding or action.

**PLEASE TAKE FURTHER NOTICE,** that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a rent deposit, or a rent payment to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an initial rent deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

**IN THE EVENT OF YOUR FAILURE TO ANSWER AND APPEAR, FINAL JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.**

Dated:  New York, New York
        July 3, 2007

_/ S /_

_____
JACK BAER, Clerk of the Civil Court
of the City of New York

**Green & Cohen, P.C.**
Attorneys for Petitioner
319 East 91st Street, Professional Suite
New York, N.Y. 10128
(212) 831-4400

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

358 BROADWAY REALTY, LLC,

      Petitioner-Landlord,

   - against -

DEVA GINSBERG &
ASHLEY GRANATA
358 Broadway, Apt. #3A
New York, New York 10013
      Respondent-Tenant,

"JOHN/JANE DOE"

    Respondents-Undertenants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No. L&T _____/07

**NOTICE OF PETITION**

(Residential Holdover)

---

**Green & Cohen, P.C.**
Attorneys for Petitioner
319 East 91st Street, Professional Suite
New York, New York 10128
(212) 831-4400

---

To:
Attorney(s) for

_Service of a copy_ of the within      _is hereby admitted._
Date:

         _____

          _Attorney (s) for_

PLEASE TAKE NOTICE
☐       that the within is a (certified) copy of a    entered in the office of the
NOTICE OF     clerk of the within named Court on _____ 2001
ENTRY

☐       that an Order, of which the within is a true copy, will be presented for the
NOTICE OF     settlement to the Hon.      one of the judges of the within named
SETTLEMENT    Court, at 111 Centre St. on _____ 2001, at _____M
ATTORNEYS FOR:   **Green & Cohen, P.C.**
          319 East 91st Street, Professional Suite
          New York, New York 10128
          (212) 831-4400

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
358 BROADWAY REALTY, LLC,

      Index No. L&T _____/07

      Petitioner-Landlord,

      **PETITION**

    - against -

      (Residential Holdover)

DEVA GINSBERG &
ASHLEY GRANATA
358 Broadway, Apt. #3A
New York, New York 10013

      Respondent-Tenant,

"JOHN/JANE DOE"

      Respondents-Undertenants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      The Petition of **358 BROADWAY REALTY, LLC,** Landlord, respectfully alleges, upon information and belief:

    1.     The Petitioner is the owner and landlord of the Premises, and is authorized to maintain this proceeding.

    2.     Respondents, **DEVA GINSBERG & ASHLEY GRANATA,** are the tenants of the Premises, having entered into possession under a now expired written rental agreement made heretofore. Respondents, **"JOHN/JANE DOE"** are the undertenants of Respondent, **DEVA GINSBERG & ASHLEY GRANATA.**

    3.     The Premises are described as follows: all rooms, **Apartment #3A**, in the Premises known as and located at **358 Broadway, New York, New York 10013**, which is located within the territorial jurisdiction of the Civil Court of the City of New York, County of New York.

    4.     The Respondent's tenancy was terminated pursuant to a Thirty Day Notice of Termination of Month to Month Tenancy. A copy of the Notice with Affidavit of service is annexed hereto and made a part hereof. Respondents have remained in possession without permission of the Landlord since the expiration of the term.

    5.     The apartment is not subject to the Rent Stabilization Law of 1969, as amended to date, nor is it subject to Rent Control. The reason the premises is not subject to rent regulation is that

it was high rent decontrolled.

6.      The premises are a multiple dwelling, and pursuant to the Housing Maintenance Code, Article 41, there is a currently effective registration statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over the age of 21 years, to be in control of and responsible for the maintenance and operation of the dwelling:

Registered Address:         **368 Broadway, New York, NY**
Registered Agent:           **Jerry Jacobs**
Multiple Dwelling Number:   **141655**

7.      The respondents hold over and continue in possession of the premises without the permission of the landlord-petitioner, after the expiration of said term.

8.      Petitioner lacks written information or Notice of any address where the Respondents reside in New York State, other than the address sought to be recovered.

9.      Pursuant to the parties expired Lease, the Petitioner shall be entitled to legal fees as the prevailing party in this litigation.

10.      Petitioner shall be entitled to a judgment for past due use and occupancy, at a rate to be determined by the Court.

**WHEREFORE**, Petitioner demands final judgment awarding possession of the Premises to Petitioner, issuance of a warrant to remove Respondents from possession thereof, fair value of use and occupancy of the Premises, and reasonable attorney's fees of not less than Two Thousand Five Hundred ($2,500.00) Dollars, and costs and disbursements herein.

Dated: New York, New York
       July 3, 2007

**358 BROADWAY REALTY, LLC**
Landlord

**Green & Cohen, P.C.**
Attorneys for Petitioner
319 East 91st Street, Professional Suite
New York, N.Y. 10128
(212) 831-4400

## <u>VERIFICATION</u>

STATE OF NEW YORK    }
COUNTY OF NEW YORK} ss.:

      The undersigned attorney for the petitioner, being duly sworn deposes and says as follows:
      I am the attorney for the petitioner above named.  I have read the foregoing Notice of Petition and Petition and know the contents thereof, and the same is true to my own knowledge, except as to those matters therein stated to be upon information and belief, and as to those matters, I believe them to be true.  The basis of my belief is information contained in my files and conversations with my client.  This Petition is signed by the attorney for the petitioner pursuant to sec. 3020(d) of the CPLR and sec. 741 of the Real Property Actions and Proceedings Law.

Dated: New York, New York
      July 3, 2007

                                  _____
                                    Michael R. Cohen

Law Products

Tenancy or Tenancy from Month to Month: 3-82
(In N.Y.C. serve in same manner as a Notice of Petition)

62 WHITE STREET, NEW YORK, N.Y. 10013

May 15, 2007

*Re: Premises:*

All    rooms    third    floor    side    *Apt. No.*  3A

*at* 358 Broadway, New York, New York 10013

*used for* ☐ *Business* ☒ *Dwelling purposes.*

TO:

|  |  |
|---|---|
| Deva Ginsberg                    *Tenant* | *and,*                    Jane Doe                    *Undertenant**  |
| 358 Broadway, Apartment 3A | 358 Broadway, Apartment 3A |
| New York, New York | New York, New York 10013 |

*First name of Tenant and/or Undertenant being fictitious and unknown to petitioner, person intended being in possession of the premises herein described*

*or assigns, and every person in possession of the premises.*

*You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises now held by you under monthly hiring. Unless you remove from the said premises on* June 30, 2007 *, the day on which your term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term and will demand the value of your use and occupancy of the premises during such holding over.*

*Dated:* New York, New York
May 15, 2007

358 BROADWAY LLC ............................................ *Landlord*

By: ........................................................................ *Agent*

7 Penn Plaza, Suite 222 ........................ *Address*
New York, New York 10001

* Use window envelope if mailed to tenant.
  Use ordinary envelope if mailed to undertenant.

Form 14 - L&T CONSPICUOUS PLACE SERVICE / MAILING
BRILL & MEISEL, ESQS.
ATTN:
COURT      COUNTY
-----------------------------------------------------------------
358 BROADWAY LLC.                    PETITIONER      Index No.
                                                     Date Filed  ...........
             - against -                             Office No.
DEVA GINSBERG, JANE DOE              respondent
                                                     Court Date: 06/30/2007
-----------------------------------------------------------------
       STATE OF NEW YORK, COUNTY OF NEW YORK        :SS:
**HARRY TORRES**     being duly sworn, deposes and says: that deponent is not a party
to this proceeding, is over 18 years of age and resides in the State of New York.
The property sought to be recovered is
**358 BROADWAY, APT.3A**
**NEW YORK, NY 10013**
     **On the 31st day of May, 2007 at  07:04 AM** deponent served the within
**THIRTY DAY NOTICE**
upon said respondent(s) to wit: **DEVA GINSBERG, JANE DOE**
after prior attempt was made on **05/30/2007 12:39 PM  05/31/2007 07:04 AM    / /**
by affixing a true copy thereof for each respondent upon a conspicuous part, to wit: the
entrance door to said property. On all occasions deponent was unable to gain admittance
thereat or to find a person of suitable age and discretion willing to receive same.
Sworn to before me this
1st  day of  June, 2007tm
                                        .....................
KENNETH WISSNER                         HARRY TORRES  0915257
Notary Public, State of New York        AETNA  CENTRAL  JUDICIAL  SERVICES
  No.01WI4714130                        225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY            NEW YORK, NY, 10007
Commission Expires 03/30/2010           Reference No: 5BM39619
-------------------------------------------------------------------------------
STATE OF NEW YORK, COUNTY OF NEW YORK
**JOEL GOLUB**     being duly sworn, deposes and says that deponent is not a party
to this action, is over 18 years of age and resides in the State of New York.
     That on the **31st day of May, 2007** deponent mailed other true copies thereof
for each respondent enclosed in a postpaid properly addressed wrapper to respondent(s)
at the property sought to be recovered which is respondent's residence or corporate respondents
principal place of business by certified mail and by prepaid regular first class mail, and

by depositing the same in a Post Office mail depository at Church Street Station under
the exclusive care and custody of the United States Post Office Department within the
State, that being the last-known address of the respondent(s) as to which the petitioner
had written information or notice in writing.
Sworn to before me this
1st  day of  June 2007tm
                                        .....................
                                        JOEL GOLUB  701893
KENNETH WISSNER                         AETNA  CENTRAL  JUDICIAL  SERVICES
Notary Public, State of New York        225 BROADWAY, SUITE 1802
  No.01WI4714130                        NEW YORK, NY, 10007
Qualified in NEW YORK COUNTY            Reference No: 5BM39619
Commission Expires 03/30/2010

BRILL & MEISEL, ESQS.
ATTN:
COURT     COUNTY

-------------------------------------------------

358 BROADWAY LLC.                    PETITIONER          Index No.
                                                          Date Filed  . . . . . . . . . . . .
             - against -                                  Office No.
DEVA GINSBERG, JANE DOE              respondent
                                                          Court Date: **06/30/2007**

-------------------------------------------------

STATE OF NEW YORK, COUNTY OF NEW YORK          :SS:
**HARRY TORRES**     being duly sworn, deposes and says: that deponent is not a party
to this proceeding, is over 18 years of age and resides in the State of New York.
The property sought to be recovered is
**358 BROADWAY, APT.3A**
**NEW YORK, NY 10013**
     On the 31st  day of May, 2007 at  07:04 AM  deponent served the within
**THIRTY DAY NOTICE**
upon said respondent(s) to wit: **DEVA GINSBERG, JANE DOE**
after prior attempt was made on  05/30/2007  12:39 PM   05/31/2007  07:04 AM    / /
by affixing a true copy thereof for each respondent upon a conspicuous part, to wit: the
entrance door to said property. On all occasions deponent was unable to gain admittance
thereat or to find a person of suitable age and discretion willing to receive same.
Sworn to before me this
1st  day of  June, 2007tm

KENNETH WISSNER                          HARRY TORRES  0915257
Notary Public, State of New York         AETNA  CENTRAL  JUDICIAL  SERVICES
   No.01WI4714130                        225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY             NEW YORK, NY, 10007
Commission Expires 03/30/2010            Reference No: 5BM39619

-------------------------------------------------

STATE OF NEW YORK, COUNTY OF NEW YORK
**JOEL GOLUB**     being duly sworn, deposes and says that deponent is not a party
to this action, is over 18 years of age and resides in the State of New York.
     That on the **31st day of May, 2007** deponent mailed other true copies thereof
for each respondent enclosed in a postpaid properly addressed wrapper to respondent(s)
at the property sought to be recovered which is respondent's residence or corporate respondents
principal place of business by certified mail and by prepaid regular first class mail, and

by depositing the same in a Post Office mail depository at Church Street Station under
the exclusive care and custody of the United States Post Office Department within the
State, that being the last-known address of the respondent(s) as to which the petitioner
had written information or notice in writing.
Sworn to before me this
1st  day of  June 2007tm

KENNETH WISSNER                          JOEL GOLUB   701893
Notary Public, State of New York         AETNA  CENTRAL  JUDICIAL  SERVICES
   No.01WI4714130                        225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY             NEW YORK, NY, 10007
Commission Expires 03/30/2010            Reference No: 5BM39619





Tenancy or Tenancy from month to month: 3-62
(In N.Y.C. serve in same manner as a Notice of Petition)

82 WHITE STREET, NEW YORK, N. Y. 10013

New Products

May 15, 2007                      ,

Re: Premises:

All *rooms* third *floor* *side* *Apt. No.* 3A

*at* 358 Broadway, New York, New York 10013
*used for* ☐ *Business* ☒ *Dwelling purposes.*

TO:

| *Tenant* | *and,* | *Undertenant** |
|---|---|---|
| Ashley Granata | | Jane Doe |
| 358 Broadway, Apartment 3A | | 358 Broadway, Apartment 3A |
| New York, New York | | New York, New York 10013 |

*First name of Tenant and/or Undertenant being fictitious and unknown to petitioner, person intended being in possession of the premises herein described*

or assigns, and every person in possession of the premises

You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises now held by you under monthly hiring. Unless you remove from the said premises on June 30, 2007 , the day on which your term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term and will demand the value of your use and occupancy of the premises during such holding over.

*Dated:* New York, New York
         May 15, 2007

358 BROADWAY LLC .............................................*Landlord*

By: [signature] .............................................*Agent*

7 Penn Plaza, Suite 222 .............................................*Address*
New York, New York 10001

* Use window envelope if mailed to tenant.
  Use ordinary envelope if mailed to undertenant.

BRILL & MEISEL, ESQS.
ATTN:

COURT        COUNTY

--------------------------------------------------

358 BROADWAY LLC.                    PETITIONER       Index No.
                                                      Date Filed  . . . . . . . . . . . .
             - against -                              Office No.

ASHLEY GRANATA                        respondent
JANE DOE                                              Court Date: **06/30/2007**

--------------------------------------------------

STATE OF NEW YORK, COUNTY OF NEW YORK          :SS:

**HARRY TORRES**     being duly sworn, deposes and says: that deponent is not a party
to this proceeding, is over 18 years of age and resides in the State of New York.
The property sought to be recovered is
**358 BROADWAY, APT.3A**
**NEW YORK, NY 10013**
     On the **31st  day of May, 2007** at  **07:04 AM**  deponent served the within
**THIRTY DAY NOTICE**
upon said respondent(s) to wit: **ASHLEY GRANATA**
**JANE DOE**
after prior attempt was made on  **05/30/2007  12:39 PM   05/31/2007  07:04 AM**   / /
by affixing a true copy thereof for each respondent upon a conspicuous part, to wit: the
entrance door to said property. On all occasions deponent was unable to gain admittance
thereat or to find a person of suitable age and discretion willing to receive same.
Sworn to before me this
1st  day of  June, 2007tm

KENNETH WISSNER                      HARRY TORRES  0915257
Notary Public, State of New York     AETNA  CENTRAL  JUDICIAL  SERVICES
    No.01WI4714130                    225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY         NEW YORK, NY, 10007
Commission Expires 03/30/2010        Reference No: 5BM39623

--------------------------------------------------------------------

STATE OF NEW YORK, COUNTY OF NEW YORK

**JOEL GOLUB**     being duly sworn, deposes and says that deponent is not a party
to this action, is over 18 years of age and resides in the State of New York.
    That on the **31st day of May, 2007** deponent mailed other true copies thereof
for each respondent enclosed in a postpaid properly addressed wrapper to respondent(s)
at the property sought to be recovered which is respondent's residence or corporate respondents
principal place of business by certified mail and by prepaid regular first class mail, and

by depositing the same in a Post Office mail depository at Church Street Station under
the exclusive care and custody of the United States Post Office Department within the
State, that being the last-known address of the respondent(s) as to which the petitioner
had written information or notice in writing.
Sworn to before me this
1st  day of  June 2007tm

KENNETH WISSNER                      JOEL GOLUB   701893
Notary Public, State of New York     AETNA  CENTRAL  JUDICIAL  SERVICES
    No.01WI4714130                    225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY         NEW YORK, NY, 10007
Commission Expires 03/30/2010        Reference No: 5BM39623

COURT        COUNTY
---------------------------------------------------
358 BROADWAY LLC.                    PETITIONER      Index No.
                                                     Date Filed  . . . . . . . . . . . .
              - against -                            Office No.
ASHLEY GRANATA                       respondent
JANE DOE                                             Court Date: **06/30/2007**
---------------------------------------------------
        STATE OF NEW YORK, COUNTY OF NEW YORK      :SS:
**HARRY TORRES**      being duly sworn, deposes and says: that deponent is not a party
to this proceeding, is over 18 years of age and resides in the State of New York.
The property sought to be recovered is
**358 BROADWAY, APT.3A**
**NEW YORK, NY 10013**
      On the 31st  day of **May, 2007 at  07:04 AM**  deponent served the within
**THIRTY DAY NOTICE**
upon said respondent(s) to wit: **ASHLEY GRANATA**
**JANE DOE**
after prior attempt was made on  **05/30/2007  12:39 PM    05/31/2007  07:04 AM**    / /
by affixing a true copy thereof for each respondent upon a conspicuous part, to wit: the
entrance door to said property. On all occasions deponent was unable to gain admittance
thereat or to find a person of suitable age and discretion willing to receive same.
Sworn to before me this
1st  day of  June, 2007tm

KENNETH WISSNER                          HARRY TORRES  0915257
Notary Public, State of New York         AETNA  CENTRAL  JUDICIAL  SERVICES
   No.01WI4714130                        225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY             NEW YORK, NY, 10007
Commission Expires 03/30/2010            Reference No: 5BM39623
---------------------------------------------------
STATE OF NEW YORK, COUNTY OF NEW YORK
**JOEL GOLUB**      being duly sworn, deposes and says that deponent is not a party
to this action, is over 18 years of age and resides in the State of New York.
      That on the **31st day of May, 2007** deponent mailed other true copies thereof
for each respondent enclosed in a postpaid properly addressed wrapper to respondent(s)
at the property sought to be recovered which is respondent's residence or corporate respondents
principal place of business by certified mail and by prepaid regular first class mail, and

by depositing the same in a Post Office mail depository at Church Street Station under
the exclusive care and custody of the United States Post Office Department within the
State, that being the last-known address of the respondent(s) as to which the petitioner
had written information or notice in writing.
Sworn to before me this
1st  day of  June 2007tm

KENNETH WISSNER                          JOEL GOLUB   701893
Notary Public, State of New York         AETNA  CENTRAL  JUDICIAL  SERVICES
   No.01WI4714130                        225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY             NEW YORK, NY, 10007
Commission Expires 03/30/2010            Reference No: 5BM39623



CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
358 BROADWAY REALTY, LLC.

        Petitioner-Landlord,

      - against -

DEVA GINSBERG &
ASHLEY GRANATA
358 Broadway, Apt. #3A
New York, New York 10013
        Respondent-Tenant,

"JOHN/JANE DOE"

        Respondents-Undertenants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No. L&T _____/07

**PETITION**

(Residential Holdover)

---

**Green & Cohen, P.C.**
Attorneys for Petitioner
319 East 91st Street, Professional Suite
New York, New York 10128
(212) 831-4400

---

To:
Attorney(s) for

*Service of a copy of the within*
*Date:*
                 *is hereby admitted.*

_____
            *Attorney (s) for*

PLEASE TAKE NOTICE
☐
NOTICE OF            that the within is a (certified) copy of a       entered in the office of the
ENTRY              clerk of the within named Court on                              2001

☐
NOTICE OF           that an Order, of which the within is a true copy, will be presented for the
SETTLEMENT        settlement to the Hon.                 one of the judges of the within named
ATTORNEYS FOR:    Court, at 111 Centre St. on                    2001, at _____M

                          **Green & Cohen, P.C.**
                          319 East 91st Street, Professional Suite
                          New York, New York 10128
                          (212) 831-4400