UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x   Case No. 07-CV-5830 (CM) (KNF)
ASHLEY GRANATA and
AUTUMN DEVA GINGSBURG,

                           Plaintiffs,

          - against -

JERRY JACOBS, ALAN ROSEN,
358 BROADWAY LLC, and
358 BROADWAY REALTY, LLC,

                       Defendants.
--------------------------------------------------------x

|  |
|---|
| **DECLARATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |

      JOSEPH I. FARCA, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, declares the following to be true and correct under the penalties for perjury, pursuant to 28 USC § 1746:

      1.     I am a member of the firm of Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., attorneys for defendant 358 Broadway Realty, LLC (**"Realty"**), and I am fully familiar with the facts and circumstances of this action, as well as the underlying New York Civil Court proceeding as set forth below.

      2.     This declaration is submitted in opposition to plaintiffs' motion, brought on July 16, 2007, seeking a temporary restraining order and/or preliminary injunction to stay the landlord-tenant proceeding currently pending in Civil Court, New York County, entitled 358 Broadway Realty, LLC v. Ginsberg/Granata, Index No. L&T 77240/2007 (**the "landlord-tenant proceeding"**).  (A copy of the notice of petition and petition in the landlord-tenant proceeding is annexed hereto as **Exhibit "A"**.)

      3.     As demonstrated herein, the motion must be denied because 28 USC § 2283, the Anti-Injunction Act, prohibits federal courts from staying state court proceedings, and because plaintiffs failed to demonstrate that they will suffer irreparable harm in the absence of the injunction and a likelihood of success on the merits.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

4.     As more fully set forth in the accompanying affidavit of Realty's principal, Marshal Weisman, Realty purchased the subject building, 358 Broadway, New York, New York (**the "building"**), pursuant to a contract of sale entered into on April 4, 2005, between 358 Broadway LLC (**"358"**) as seller and 358 Broadway-Franklin Acquisition, LLC as purchaser (*see* Exhibit "B" hereto).

5.     As shown on the New York City Register's ACRIS index for the building (a copy of which is annexed hereto as **Exhibit "C"**), Realty closed title on June 29, 2007.

6.     Realty purchased the building, a former interim multiple dwelling converted to rent stabilized residential use upon the issuance of a certificate of occupancy on October 12, 2000 (a copy of which was annexed as Exhibit "F" to the contract of sale), with the intention of emptying the building.

7.     These plaintiffs were among the non-rent stabilized tenants who entered into occupancy of the building after its conversion.  As of the date that title closed, plaintiffs were month-to-month tenants upon whom 358 had already served statutory thirty-day notices terminating their tenancy of Apartment 3A in the building (**the "premises"**) effective June 30, 2007.  (Copies of said thirty-day notices are annexed to the notice of petition and petition in the landlord-tenant proceeding, Exhibit "A" hereto.)

8.     Since the transaction was scheduled to close one day earlier, Realty authorized 358 to continue the process of recovering possession of the premises on Realty's behalf by commencing the landlord-tenant proceeding in Realty's name.

9.     Though plaintiffs commenced this action on June 20, 2007, after they were served with the termination notices, they did not bring this motion to enjoin commencement of the landlord-tenant proceeding until July 16, 2007, nearly two full weeks after it was commenced on July 3, 2007.

## THE PRESENT MOTION MUST BE DENIED

10.    The gravamen of the complaint is that Realty's predecessor-in-interest, 358, discriminated against the female plaintiffs on the basis of sex by refusing to offer them a written lease and renewals, and that 358 and Realty are harassing the female plaintiffs on the basis of sex by seeking to evict them from the premises before the expiration of an allegedly implied year-to-year lease.

11.    Significantly, the complaint nowhere alleges that Realty ever committed any of the predicate acts which form the basis of plaintiffs' claims of discrimination and infliction of emotional distress.

12.    Thus, the only claim which pertains to Realty is Count IV of the complaint, which seeks a declaration of plaintiffs' rights under an implied leasehold.  The relevant issue is whether plaintiffs have an implied year-to-year lease with which 358, and now Realty, have failed to credit them.

13.    As demonstrated herein, the Anti-Injunction Act prohibits federal courts from staying state court proceedings.  However, even if plaintiffs' claim did fit within one of the exceptions to the Anti-Injunction Act, they cannot satisfy the criteria for obtaining injunctive relief: irreparable harm and a likelihood of success on the merits.

14.    Given that implied year-to-year leases are not recognized by New York law, there is no likelihood that plaintiffs will succeed on the merits of their implied tenancy claim.  Moreover, the New York City landlord-tenant court is perfectly capable – indeed, it is uniquely suited – to adjudicate plaintiffs' claim to such leasehold rights.  Therefore, plaintiffs cannot show that they will be irreparably harmed if this Court does not stay the landlord-tenant proceeding.

15.    Accordingly, the present motion to stay the landlord-tenant proceeding must be denied.

A.    **The Anti-Injunction Act Precludes the**
      **Issuance of Injunctive Relief Staying the**
      **Pending Landlord-Tenant Proceeding**

16.    The Anti-Injunction Act, 28 USC § 2283, prohibits the federal courts from granting injunctions to stay state court proceedings, unless the movant demonstrates that the matter fits within one of three exceptions, providing as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

17.    Therefore, unless plaintiffs can show that their claims in this action fit within one of the three statutory exceptions, the Anti-Injunction Act requires that this Court deny plaintiffs' motion to stay the landlord-tenant proceeding.

18.    As the Supreme Court explained in <u>Chick Kam Choo v. Exxon Corp.</u>, 486 US 140 (1988), these three exceptions to the Anti-Injunction Act must be narrowly construed:

> The Act, which has existed in some form since 1793 … is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. It represents Congress' considered judgment as to how to balance the tensions inherent in such a system. Prevention of frequent federal court intervention is important to make the dual system work effectively. By generally barring such intervention, the Act forestalls "the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *[citation omitted]*. Due in no small part to the fundamental constitutional independence of the States, Congress adopted a general policy under which state proceedings "should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *[citation omitted]*.

> Congress, however, has permitted injunctions in certain, specific circumstances, namely, when expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect or effectuate the court's judgment. These exceptions are designed to ensure the effectiveness and supremacy of federal law. But as the Court has recognized, **the exceptions are narrow and are "not [to] be enlarged by loose statutory construction."** *[citations omitted]* …

> **[Emphasis added]**

- 4 -

19.     Here, the first exception to the Anti-Injunction Act – "except as expressly authorized by Act of Congress" – does not apply to plaintiffs' implied tenancy claim because it is a state law claim that does not arise under an Act of Congress.

20.     Indeed, even if plaintiffs' implied tenancy claim were somehow construed to have arisen under the Fair Housing Act, it would still not fit within the Act of Congress exception to the Anti-Injunction Act.

21.     In Mitchum v. Foster, 407 US 225, 237-38 (1972), the Supreme Court held that in order to fit within the Act of Congress exception, the:

> … Act of Congress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding. … The test, rather, is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding.

22.     By joining their Fair Housing Act discrimination claim with a nearly identical claim under New York's Human Rights Law, Executive Law § 296, plaintiffs have conceded that they can adequately litigate both claims as defenses to the landlord-tenant proceeding now pending in state court.  See Rodriguez v. Westhab, Inc., 833 F Supp 425 (SDNY 1993).

23.     Similarly, the test under the second narrow exception, "where necessary in aid of its jurisdiction," also does not apply to plaintiffs' implied tenancy or discrimination claims because they can be asserted as defenses to the landlord-tenant proceeding or can otherwise be brought in state court.  See Armstrong v. Real Estate International, Ltd., 2006 WL 354983, *4 (EDNY).

24.     The third exception is clearly inapplicable because there is no final judgment in this action which this Court needs to protect or effectuate.  See Baumgarten v. County of Suffolk, 2007 WL 14904878, *9 (EDNY).

25.     Thus, the Anti-Injunction Act applies to plaintiffs' claims herein and requires that this Court deny plaintiffs' motion to stay the landlord-tenant proceeding.

**B.    Plaintiffs Failed to Satisfy the Criteria for Injunctive Relief: Irreparable Harm and a Likelihood of Success on the Merits**

26.    Even if the Anti-Injunction Act did not apply, the plaintiffs would still need to demonstrate irreparable harm and a likelihood of success on the merits before the Court could consider granting them injunctive relief staying the landlord-tenant proceeding.

27.    As demonstrated above, plaintiffs cannot demonstrate that they will suffer irreparable harm, if the landlord-tenant proceeding is not stayed, because they can assert their implied tenancy claim as a defense to the landlord-tenant proceeding.    *See* Rodriguez v. Westhab, Inc. and Armstrong v. Real Estate International, Ltd., *supra*.

28.    Moreover, plaintiffs cannot show a likelihood of success on the merits of their implied tenancy claim, because implied year-to-year leases are not recognized by New York law.

29.    Initially, New York's Statute of Frauds, General Obligations Law § 5-703(2), provides that leases for a term of longer than one year are void unless they are in writing.  Since the lease at issue in this action is concededly unwritten and there is no alleged agreement that it would be other than a month-to-month tenancy, plaintiffs' tenancy could not exceed one year in duration.

30.    Given plaintiffs' claim that their tenancies were greater than month-to-month, but necessarily not more than one year, their oral leases were of indefinite duration and were governed by New York Real Property Law § 232, which provides that:

> An agreement for the occupation of real estate in the city of New York, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the first day of October next after the possession commences under the agreement.

31.    By operation of RPL § 232, Ms. Granata's tenancy that allegedly commenced on July 1, 2005, was deemed to have expired on October 1, 2005, Ms.

Ginsberg's tenancy that allegedly commenced on December 1, 2005, was deemed to have expired on October 1, 2006, and plaintiffs thereafter became holdover tenants whose continued payment and 358's acceptance of rent created month-to-month tenancies pursuant to New York Real Property Law § 232-c. *See* City of New York v. State, 211 AD2d 539 (1st Dept. 1995), *aff'd* 87 NY2d 982 (1996).

32.    New York Real Property Law § 232-c provides as follows:

> Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term.

33.    As month-to-month tenants, plaintiffs' tenancies were properly terminated by thirty-day notices of termination pursuant to New York Real Property Law § 232-a, which provides that:

> No monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings under the statute to remove such tenant therefrom.

34.    Here, the thirty-day termination notices are annexed to the notice of petition and petition in the landlord-tenant proceeding.

35.    Given that New York law does not recognize their implied tenancy claim, plaintiffs are unlikely to succeed on the merits of that claim.

36.    Therefore, plaintiffs' present motion to stay the landlord-tenant proceeding is a mere delay tactic and must be denied. *See* Tellock v. Davis, 2002 WL 31433589

(EDNY), *aff'd* 2003 WL 22850069 (2nd Cir.) (denying tenant's motion for preliminary injunction to stay landlord's holdover proceeding pending in state court where tenant failed to establish likelihood of success on the merits of Fair Housing Act discrimination claim).

WHEREFORE, plaintiffs' motion to stay the landlord-tenant proceeding must be denied.

Dated: New York, New York
July 24, 2007

BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, P.C.

s/Joseph I. Farca
By:_____
Joseph I. Farca (JIF-7895)
Attorneys for Defendant
358 BROADWAY REALTY, LLC
377 Broadway, 6th Floor
New York, New York 10013
Tel: (212) 431-1300, Ext. 610
Fax: (212) 965-2773
Email: jfarca@borahgoldstein.com