UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   Case No. 07-CV-5830 (CM) (KNF)
ASHLEY GRANATA and
AUTUMN DEVA GINGSBURG,

                              Plaintiffs,      **AFFIDAVIT IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

    - against -

JERRY JACOBS, ALAN ROSEN,
358 BROADWAY LLC, and
358 BROADWAY REALTY, LLC,

                              Defendants.
------------------------------------------------------------x

STATE OF NEW JERSEY   }
                              }ss.:
COUNTY OF OCEAN      }

      MARSHALL WEISMAN, being duly sworn, deposes and says:

      1.     I am a member of the defendant 358 Broadway Realty, LLC (**"Realty"**), and I am fully familiar with the facts and circumstances of this action, as well as the underlying New York Civil Court proceeding as set forth below.

      2.     This affidavit is submitted in opposition to plaintiffs' motion, brought on July 16, 2007, seeking a temporary restraining order and/or preliminary injunction to stay the landlord-tenant proceeding currently pending in Civil Court, New York County, entitled <u>358 Broadway Realty, LLC v. Ginsberg/Granata</u>, Index No. L&T 77240/2007 (**the "landlord-tenant proceeding"**).  (A copy of the notice of petition and petition in the landlord-tenant proceeding is annexed hereto as **Exhibit "A"**.)

### PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

      3.     Realty purchased the subject building, 358 Broadway, New York, New York (**the "building"**), pursuant to a contract of sale entered into on April 4, 2005, between 358 Broadway LLC (**"358"**) as seller and 358 Broadway-Franklin Acquisition, LLC as purchaser (a copy of which is annexed hereto as **Exhibit "B"**).

4.      As shown on the New York City Register's ACRIS index for the building (a copy of which is annexed hereto as **Exhibit "C"**), Realty closed title on June 29, 2007.

5.      Realty purchased the building, a former interim multiple dwelling converted to rent stabilized residential use upon the issuance of a certificate of occupancy on October 12, 2000 (a copy of which was annexed as Exhibit "F" to the contract of sale), with the intention of emptying the building.

6.      These plaintiffs were among the non-rent stabilized tenants who entered into occupancy of the building after its conversion. As of the date that title closed, plaintiffs were month-to-month tenants upon whom 358 had already served statutory thirty-day notices terminating their tenancy of Apartment 3A in the building (**the "premises"**) effective June 30, 2007. (Copies of said thirty-day notices are annexed to the notice of petition and petition in the landlord-tenant proceeding, Exhibit "A" hereto.)

7.      Since the transaction was scheduled to close one day earlier, Realty authorized 358 to continue the process of recovering possession of the premises on Realty's behalf by commencing the landlord-tenant proceeding.

8.      Though plaintiffs commenced this action on June 20, 2007, after they were served with the termination notices, they did not bring this motion to enjoin commencement of the landlord-tenant proceeding until July 16, 2007, nearly two full weeks after it was commenced on July 3, 2007.

## THE PRESENT MOTION MUST BE DENIED

9.      The gravamen of the complaint is that Realty's predecessor-in-interest, 358, discriminated against the female plaintiffs on the basis of sex by refusing to offer them a written lease and renewals, and that 358 and Realty are harassing the female plaintiffs on the basis of sex by seeking to evict them from the premises before the expiration of an allegedly implied year-to-year lease.

10. Significantly, the complaint nowhere alleges that Realty ever committed any of the predicate acts which form the basis of plaintiffs' claims of discrimination and infliction of emotional distress.

11. Thus, the only claim which pertains to Realty, and can arguably serve as the basis for staying the landlord-tenant proceeding, is Count IV of the complaint, which seeks a declaration of plaintiffs' rights under an implied leasehold. The relevant analysis is whether plaintiffs have an implied year-to-year lease with which 358, and now Realty, have failed to credit them.

12. As demonstrated in counsel for Realty's accompanying declaration, this claim is meritless and, in any event, cannot serve as the basis for a stay since landlord-tenant court is fully capable of adjudicating the claim.

WHEREFORE, plaintiffs' motion to stay the landlord-tenant proceeding must be denied.

_____
MARSHALL WEISMAN

Sworn to before me this
24th day of July 2007

_____
Notary Public

JEANNINE QUERCIA
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/18/2011