# Exhibit 6

BRILL & MEISEL
ATTORNEYS AT LAW

ALLEN H. BRILL
ELLIOTT MEISEL
MARK N. AXINN
CHRISTOPHER S. ALDRIDGE

ROBYN E. GOLDSTEIN
ASHLEY E. NORMAND

ROSALIND S. FINK
COUNSEL

845 THIRD AVENUE • NEW YORK, N.Y. 10022

(212) 753-5509
FAX (212) 486-6657
www.BrillMeiselLaw.com

May 16, 2007

**Via Federal Express**
George J. Vogrin
Querrey & Harrow
120 Broadway, Suite 955
New York, New York 10271

<u>358 Broadway LLC -w- Deva Ginsberg and Ashley Granata</u>

Dear George:

    Per our telephone discussion Monday, enclosed please find two Thirty-Day Notices terminating your above-referenced clients' month-to-month tenancies as of June 30, 2007. Please acknowledge receipt thereof on behalf of Deva Ginsberg and Ashley Granata by signing and returning two copies of this letter in the enclosed envelope.

    Also enclosed are draft Stipulations which provide that your clients nevertheless may remain in possession through July 31, 2007 without any obligation to pay for their use and occupancy for the months of June and July 2007. Additionally, the Stipulations provide for the stay of execution of any Warrant of Eviction until August 1, 2007 and the payment of $750 to each of your clients within five (5) days of their vacature from the premises.

    Thank you for your courtesies herein.

Very truly yours,

Mark N. Axinn

MNA/ab
Enclosures
cc: 358 Broadway LLC

SERVICE OF THIRTY-DAY NOTICES
TO TENANTS DATED MAY 15, 2007
IS HEREBY ACKNOWLEDGED:

QUERREY & HARROW

_____
George J. Vogrin, Esq.
Attorneys for Deva Ginzberg and Ashley Granata
358 Broadway, Suite 3A
New York, New York 10013

G:\358BWAY\Corresp\Vogrin.5-14-07.mna.wpd

**2 ATTORNEYS**
**FJ - LANDLORD**
**POSSESSION ONLY**
**WARRANT STAYED**
**UNTIL 8-1-07**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART
-----------------------------------------------------------x

358 BROADWAY LLC,

               Petitioner-Landlord,

               -against-

DEVA GINSBERG,

               Respondent-Tenant,

               -and-

"JANE DOE",

               Respondent- Undertenant.:

Premises:    Apartment 3A
             358 Broadway
             New York, NY 10013

-----------------------------------------------------------x

Index No. L&T _____ /07

**STIPULATION**

     IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys for the parties herein, as follows:

     1.    Respondent Ginsberg consents to the jurisdiction of this Court and the regularity of this proceeding and appears in this proceeding by the attorneys named below. Respondent further acknowledges and concedes that any month-to-month or other tenancy which she may have had has been terminated and is no longer of any force or effect. Accordingly, Respondent acknowledges that her occupancy of the Premises (as

hereinafter defined) is solely as a "hold-over" tenant at the sufferance of Petitioner, in accordance with the terms and conditions hereof. The Premises are the same premises as described in the Petition.

2.    Respondent consents to a final judgment of possession in favor of Petitioner with the issuance of a warrant of eviction forthwith which shall remain in full force and effect, but execution thereon shall be stayed in conformity with the terms hereof.

3.    The stay of execution of the Warrant of Eviction shall remain in effect through July 31, 2007 ("Vacate Date"), provided Respondent complies with all of the terms of this Stipulation.

4.    In connection with her continued use and occupancy of the Premises through the Vacate Date, Respondent will not be obligated to pay to Landlord any rent or other fee provided she surrenders possession of the Premises to Petitioner in vacant broom-clean condition or before the Vacate Date and returns all keys to the Premises to Landlord or its agent.

5.    Respondent represents that she and Ashley Granata are the sole occupants or tenants in the Premises and agrees not to sublet or permit any other person or entity to occupy same through the Vacate Date.

6.    In the event Respondent fails to surrender the Premises to Landlord on or before the Vacate Date, then she agrees to promptly pay to Landlord the sum of $2,150 for the months of June and July use and occupancy and the sum of $100 per day for each

2

and every day after the Vacate Date in which she remains in possession of the Premises or any portion thereof.

7.    In the event Respondent adheres to all of the terms of this Stipulation and vacates from the Premises on or before the Vacate Date, then her security deposit of $1,075 plus the sum of $750 shall be paid to Respondent within five (5) days thereafter by delivery of a check payable to Respondent to her attorney named herein. In addition to the foregoing, in the event Respondent (1) notifies Petitioner in writing and Petitioner's attorney by email or writing of her intention to vacate by June 30, 2007 ("Early Vacate Date") not later than June 10, 2007 and (2) actually vacates from the Unit and surrenders possession thereof to Landlord in vacant, broom clean condition by the Early Vacate Date, then Petitioner shall pay her the sum of $2,075 in addition to any amounts set forth herein.

8.    This Stipulation embodies and constitutes the entire understanding between the parties with respect to the subject matter hereof and all prior agreements, representations and statements, oral or written, relating to the subject matter hereof are merged into this Stipulation.

9.    This Stipulation may be so ordered by a Housing Court Judge, Judicial Hearing Officer or any Judge of the Civil Court.

3

10.    This Stipulation may not be further amended, modified or extended except

by a written instrument to be signed by the party against whom charged.


Dated:  New York, New York
          May    , 2007

                                            BRILL & MEISEL
                                            Attorneys for Petitioner


                                            By: _____
                                                Mark N.  Axinn
                                                845 Third Avenue
                                                New York, New York 10022
                                                (212) 753-5599
                                                markaxinn@hotmail.com


                                            QUERREY & HARROW
                                            Attorneys for Respondent


                                            By: _____
                                                George Vogrin
                                                120 Broadway
                                                New York, New York 10271
                                                (212) 233-0130
                                                gvogrin@querrey.com




**SO ORDERED:**


By:_____



G:\358BWAY\Stipulation-Ginsberg.mna.wpd

4

2 ATTORNEYS
FJ - LANDLORD
POSSESSION ONLY
WARRANT STAYED
UNTIL 8-1-07

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART
------------------------------------------------------------x

358 BROADWAY LLC,

        Petitioner-Landlord,

        -against-

ASHLEY GRANATA,

        Respondent-Tenant,

        -and-

"JANE DOE",

        Respondent- Undertenant.

Premises:   Apartment 3A
           358 Broadway
           New York, NY 10013

------------------------------------------------------------x

Index No. L&T _____ /07

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED, by and among the attorneys for the parties herein, as follows:

1.    Respondent Granata consents to the jurisdiction of this Court and the regularity of this proceeding and appears in this proceeding by the attorneys named below. Respondent further acknowledges and concedes that any month-to-month or other tenancy which she may have had has been terminated and is no longer of any force or effect. Accordingly, Respondent acknowledges that her occupancy of the Premises (as

hereinafter defined) is solely as a "hold-over" tenant at the sufferance of Petitioner, in accordance with the terms and conditions hereof. The Premises are the same premises as described in the Petition.

2.    Respondent consents to a final judgment of possession in favor of Petitioner with the issuance of a warrant of eviction forthwith which shall remain in full force and effect, but execution thereon shall be stayed in conformity with the terms hereof.

3.    The stay of execution of the Warrant of Eviction shall remain in effect through July 31, 2007 ("Vacate Date"), provided Respondent complies with all of the terms of this Stipulation.

4.    In connection with her continued use and occupancy of the Premises through the Vacate Date, Respondent will not be obligated to pay to Landlord any rent or other fee provided she surrenders possession of the Premises to Petitioner in vacant broom-clean condition or before the Vacate Date and returns all keys to the Premises to Landlord or its agent.

5.    Respondent represents that she and Deva Ginsberg are the sole occupants or tenants in the Premises and agrees not to sublet or permit any other person or entity to occupy same through the Vacate Date.

6.    In the event Respondent fails to surrender the Premises to Landlord on or before the Vacate Date, then she agrees to promptly pay to Landlord the sum of $2,150

for the months of June and July use and occupancy and the sum of $100 per day for each and every day after the Vacate Date in which she remains in possession of the Premises or any portion thereof.

7.    In the event Respondent adheres to all of the terms of this Stipulation and vacates from the Premises on or before the Vacate Date, then her security deposit of $2,050 plus the sum of $750 shall be paid to Respondent within five (5) days thereafter by delivery of a check payable to Respondent to her attorney named herein. In addition to the foregoing, in the event Respondent (1) notifies Petitioner in writing and Petitioner's attorney by email or writing of her intention to vacate by June 30, 2007 ("Early Vacate Date") not later than June 10, 2007 and (2) actually vacates from the Unit and surrenders possession thereof to Landlord in vacant, broom clean condition by the Early Vacate Date, then Petitioner shall pay her the sum of $2,075 in addition to any amounts set forth herein.

8.    This Stipulation embodies and constitutes the entire understanding between the parties with respect to the subject matter hereof and all prior agreements, representations and statements, oral or written, relating to the subject matter hereof are merged into this Stipulation.

9.    This Stipulation may be so ordered by a Housing Court Judge, Judicial Hearing Officer or any Judge of the Civil Court.

3

10.    This Stipulation may not be further amended, modified or extended except by a written instrument to be signed by the party against whom charged.

Dated:  New York, New York
          May    , 2007

                                                            BRILL & MEISEL
                                                            Attorneys for Petitioner

                                                            By: _____
                                                                 Mark N.  Axinn
                                                                 845 Third Avenue
                                                                 New York, New York 10022
                                                                 (212) 753-5599
                                                                 markaxinn@hotmail.com

                                                            QUERREY & HARROW
                                                            Attorneys for Respondent

                                                            By: _____
                                                                 George Vogrin
                                                                 120 Broadway
                                                                 New York, New York 10271
                                                                 (212) 233-0130
                                                                 gvogrin@querrey.com

**SO ORDERED:**

By:_____