# Exhibit 8

## ESCROW AGREEMENT

Agreement dated June 12, 2007 by and between 358 Broadway LLC ("Seller"), a New York limited liability company with a place of business at 7 Penn Plaza, Suite 222, New York, New York 10001 and 358 Broadway Realty LLC ("Purchaser") a New Jersey limited liability company with a place of business at 1094 River Avenue, Area C, Lakewood, New Jersey.

WHEREAS Seller this day conveyed to Purchaser title to 358 Broadway a/k/a 59 Franklin Street, New York, New York, Block 171, Lot 5 ("Premises"), and

WHEREAS Apartment 3A ("Apartment") is currently occupied by month-to-month Tenants ("Tenants") which Seller has agreed to evict therefrom, and

WHEREAS it appears that such Tenants will not vacate from the Premises prior to the closing of title.

NOW THEREFORE in consideration of the Premises, it is hereby agreed by and between the parties hereto as follows:

1. Seller will use its best efforts to obtain vacant possession of the Apartment at the earliest possible date.

2. Purchaser shall cooperate in all regards with Seller and its attorneys and agents to obtain vacant possession of the Apartment including without limitation executing documents and pleadings, appointment of Seller as agent of Purchaser for all Court proceedings deemed necessary by Seller's attorneys to evict the Tenant from the Apartment and to file and prosecute such proceedings in the name of Purchaser as landlord, and appointment of Seller and its counsel as the sole individuals with authority to negotiate with Tenants and their attorneys with respect to Tenant's occupancy of and vacature from the Apartment provided all of same is without cost or liability to Purchaser.

3. Purchaser agrees not to permit any other persons to occupy the Apartment nor to forward any rent demands to Tenants nor to accept any rent from Tenants or any other person acting on their behalf, except in accordance with a Court Order authorizing same which will not jeopardize the pendency and outcome of any eviction proceeding commenced by Seller.

4. The parties agree that Seller may select counsel of its choice to represent the interests of the landlord in any such eviction proceeding. Any and all fees of such counsel will be paid directly by Seller.

5. Purchaser agrees to provide access to the Premises to Seller and its agents for the purpose of serving notices on tenants from time to time. Purchaser

agrees to direct all communications from or regarding Tenants to Seller or its counsel. Seller shall promptly forward or cause to be forwarded to Purchaser all correspondence, pleadings and other communications and documents with respect to the matter.

6. Until such time when the Tenants have vacated from the Apartment, whether by Court order or otherwise, Seller's attorneys Brill & Meisel ("Escrow Agent") shall retain the sum of $200,000 in escrow ("Escrow Sum"). The Escrow Sum may be delivered to Seller or as Seller directs, upon Seller's written certification to Escrow Agent and Purchaser that the Apartment has been vacated by February 1, 2008 ("Vacate Date"), whether by Court order or otherwise, and that the Tenants no longer have any occupancy rights with respect thereto. In the event the Apartment is not vacated by the Vacate Date and possession delivered to Purchaser, then the Escrow Sum shall be promptly delivered to Purchaser.

7. The Escrow Agent is acting as a stakeholder only with respect to the Escrow Sum. Seller and Purchaser agree that Escrow Agent may rely upon any written advice of Seller or Purchaser with respect to the release and distribution of all or any portion of the Escrow Sum, except that no such release shall be made until five (5) days after written notice thereof is provided to Seller or Purchaser as applicable and its respective attorneys of Escrow Agent's having received such advice and intent to comply therewith. In the event of any dispute as to whether or to whom the Escrow Sum may be delivered, Escrow Agent shall not be required to make any delivery, but may continue to hold same until receipt by Escrow Agent of instructions in writing signed by both Purchaser and Seller or of a Court order directing the disposition of the Escrow Sum. Seller and Purchaser agree jointly and severally to indemnify and hold Escrow Agent harmless for any and all acts which it may perform in connection with this Agreement or otherwise with respect to the subject matter hereof. Escrow Agent may represent itself and/or Seller in the event of any dispute between the parties with respect to this Agreement, the Escrow Sum or otherwise and such representation shall be separate and distinct from Escrow Agent's services provided hereunder. In the event Escrow Agent is named in any action brought by either party hereto, it may defend itself or engage separate counsel, as it determines in its sole discretion, and the fees for which shall in either event be borne by Seller and Purchaser jointly in equal proportion.

8. Upon the release of all of the Escrow Sum to Seller or as Seller directs, or pursuant to joint instructions of Purchaser and Seller or pursuant to Court order directing the disposition of the Escrow Sum, Escrow Agent shall have no further duty or obligation arising hereunder or under any other agreement with respect to the subject matter hereof.

WHEREFORE, the parties hereto have executed this Agreement as of the date set forth above.

SELLER:

358 BROADWAY LLC

By: _____
Jerry Jacobs, Manager

PURCHASER:

358 BROADWAY REALTY LLC

By: _____
Henry Kauftheil, Manager

ESCROW AGENT:

BRILL & MEISEL

By: _____
Mark N. Axinn, Partner